[Civ. No. 6281.   Third Appellate District.—October 23, 1939.]

WALKER MINING COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ARCHIE GALEAZZI, Respondents.

W. N. Mullen and James C. McDermott for Petitioner.

Everett A. Corten for Respondents.

THOMPSON, Acting P. J.—By means of *certiorari* the petitioner seeks to review an order of the Industrial Accident Commission denying its application for rehearing under section 64 of the Workmen's Compensation Act, and for the privilege of a medical examination of the claimant under section 16 of the same act, after an award had been previously made upon findings adopted to the effect that the claimant sustained "temporary total disability" as a result of injuries received in the course of his employment in a mine. The petitioner's application to terminate the award for compensation was denied. After fixing time by consent for taking the deposition of the claimant before the Industrial Accident Commission of Iowa, the proceeding was dismissed by direction of the California commission, without notice or consent, and without an opportunity for further medical examination or to cross-examine the claimant. It is contended the dismissal of that proceeding and the refusal to permit the right to examine the claimant regarding his present physical condition constitutes a denial of due process and an excess of jurisdiction on the part of the commission.

The petitioner was a self-insured mining corporation. The claimant, Archie Galeazzi, was injured in the course of his employment with the Walker Mining Company, by an explosion which occurred in the mine. Upon a claim for compensation the Industrial Accident Commission adopted findings May 16, 1938, determining that the claimant sustained "temporary total disability" continuing from February 19, 1937, to September 14, 1937, and allowed him compensation amounting to $586.57, and $10.27 per week from January 12, 1938, "until the termination of disability or the further order of the Commission". July 7, 1938, the claimant filed an application for adjustment of his claim on the basis of 50 per cent disability, asking for a rating of "permanent disability" and an allowance of costs for necessary future medical treatment. On July 12th of the same year, the Walker Mining Company

filed its opposition thereto together with a petition to terminate its liability based on the previous findings of the commission and upon medical reports. A hearing on the opposing petitions was duly set for August 15th. The claimant was then absent from the State of California. He was in the State of Iowa, and unable to be present, but was represented by his attorney. Testimony was adduced. On demand of the Walker Mining Company to be permitted to cross-examine the claimant and to procure a medical examination of him to ascertain his present condition, the matter was submitted to the Industrial Accident Commission of Iowa for that purpose. The hearing was then continued by the California commission to procure the report of that proceeding before the Iowa commission. Pursuant to instructions, the Iowa commission notified the parties to be present for the taking of testimony on December 20, 1938. Upon application, the time for hearing was vacated, and the California commission was so notified. December 17, 1938, the California commission communicated with the Iowa commission requesting that the matter be reset for a later date and that the respective parties be notified of the time of the hearing.

It appears that previous to the fixing of the date of hearing by the Iowa commission, the claimant contended that his testimony upon the rehearing should be taken by deposition as provided by article IV, part 4, title 3, chapter 3 of the Code of Civil Procedure, and not by the Iowa commission. This was not conceded by adverse counsel, but on November 30, 1938, the attorney for the mining company wrote to the Iowa commission, stating in part:

"Since counsel for the applicant is making objections to the manner in which this deposition was to be set, I do not believe it will go ahead as scheduled. The Industrial Accident Commission of California will communicate with you very shortly, as this has been the advice of Mr. Townsend to me."

The California commission did not concede that it was without jurisdiction to submit the matter of taking testimony to the Iowa commission as distinguished from the procedure of taking a deposition pursuant to the provisions of the Code of Civil Procedure above referred to. It is asserted the California commission, under the provisions of section 60 of the Workmen's Compensation Act, and the rules of that commis-

sion previously adopted in pursuance thereof, had jurisdiction to appoint the Iowa commission as referee to take the testimony. With that contention we agree. But that is immaterial in the determination of this writ of review. We merely have to decide whether the Walker Mining Company was deprived of its constitutional right to cross-examine the claimant on its application to terminate its liability for the alleged reason that the claimant had fully recovered and that he was not permanently disabled.

It appears that all parties did finally agree that the proceeding might be heard by the Iowa commission. Evidently they expected a new date to be set by that tribunal for the taking of testimony. The California commission also understood that to be conceded. Mr. Townsend, representing the California commission, wrote the Iowa commission December 17, 1938, saying that the letter advising the Iowa commission that the matter would not be heard on December 20th "was unwarranted". The Iowa commission was then requested in that letter to reset the matter for hearing, stating that:

"I have advised the attorneys. . . . *Said attorneys have both agreed* that the taking of the deposition as scheduled in your notice proceed at the time and place mentioned therein. All parties have arranged to appear."

The proceeding had already been dropped from the calendar of the Iowa commission, and the parties were not subsequently notified to appear. Evidently there was a misunderstanding regarding the time for hearing that matter. Several months elapsed, and the Iowa commission failed to reset the matter for hearing, or to notify the respective parties of a subsequent time and place of hearing. There is no adequate showing that this failure was due to any fault of the Walker Mining Company, or to anyone else, unless it may be said the Walker Mining Company as one of the actors in that proceeding was dilatory in failing to procure a hearing. We think it was not culpable under the circumstances of this case.

Without notice to the employer and insurer, Walker Mining Company, the California commission subsequently directed the Iowa commission to dismiss the proceeding pending before it to take the testimony of the claimant, which was done. The counter-applications of the claimant for a rating of "permanent disability" and of the employer to terminate

its liability and to be permitted to procure a medical examination to ascertain the claimant's present physical condition and to cross-examine him in that regard were set for hearing before the California commission. The claimant still remained in the State of Iowa and he was unable to be present at that hearing. The Walker Mining Company objected to that hearing on account of the absence of the claimant and it then renewed its demand to be permitted to cross-examine the claimant regarding his present physical condition, which objection and requests were denied. No new evidence was then adduced. March 20, 1939, the California commission adopted findings approving and readopting its former findings in every respect, except that upon the same evidence formerly adduced, it was found that the claimant's injuries caused "permanent disability" to an extent of $32\frac{1}{2}$ per cent of his normal condition, entitling him to compensation of $20.53 for 130 weeks aggregating the sum of $2,668.90, less the amount which had been formerly paid on that account. The insurer's petition for a rehearing under section 64 of the Workmen's Compensation Act was filed, presented on affidavits and denied. This petition for a writ of review was then filed.

We are of the opinion the California Industrial Accident Commission exceeded its jurisdiction in submitting and determining the insurer's petition to terminate its liability without permitting it to obtain a medical examination to ascertain the present physical condition of the claimant, and to cross-examine him in that regard. In effect, that ruling amounted to a denial of the insurer's constitutional right to due process by refusing to permit it to cross-examine a witness upon a material issue. In the case of *Saunders* v. *Shaw*, 244 U. S. 317 [37 Sup. Ct. 638, 61 L. Ed. 1163], it was held that the submission and determination of a case without giving a party thereto the opportunity of presenting his evidence on a material issue resulted in a denial of due process guaranteed by the fourteenth amendment to the federal Constitution.
█ The administration of justice is founded on the principle that every litigant shall have a fair opportunity to present to the court material evidence in support of his valid claim. One of the duties which a citizen owes to his government is to support the administration of justice by attending its courts and giving his testimony when he is properly summoned. It is within the inherent powers of courts and judicial tribunals

to compel the attendance of witnesses necessary to a just determination of proper issues. Such authority is necessarily incident to the power to adjudicate a cause. (70 C. J. 34, sec. 3.) Our statutes furnish ample authority to compel the taking of depositions of witnesses who are unable to attend the trial of a case.

■ To be sure, a litigant may waive his right to procure the evidence of a material witness by his lack of due diligence or otherwise. It is the theory of the Industrial Accident Commission that the Walker Mining Company waived its right to take the deposition of the claimant in the present case by suffering unnecessary delay in enforcing the taking of the deposition of Archie Galeazzi. The claimant was the actor in his petition for compensation based on alleged total disability. It is reasonable to believe from the record in this proceeding that the Walker Mining Company in good faith assumed that its application to take the testimony of the claimant would be reset for hearing before the Iowa commission, and that it was not guilty of a lack of diligence in that regard. The insurer should have been given notice that its petition to terminate liability would be denied before the proceeding which was then pending was arbitrarily submitted without the privilege of taking the testimony of the claimant. We are of the opinion the insurer should have been afforded the opportunity of purging itself of a charge of lack of diligence before the matter was submitted and its petition denied. (*Union Lumber Co.* v. *Industrial Acc. Com.*, 124 Cal. App. 584, 590 [12 Pac. (2d) 1047].)

■ Clearly the commission is vested with a sound discretion to regulate and control the cross-examination of witnesses in proceedings before that tribunal, and its award will not be disturbed on *certiorari* for mere errors of procedure. But that authority will not justify an arbitrary denial of the right of a litigant to procure competent testimony by deposition or otherwise when the application therefor is seasonably made and pursued with due diligence according to established rules of procedure. In the case of *Western Pipe & Steel Co.* v. *Industrial Acc. Com.*, 194 Cal. 379 [228 Pac. 859], an application to take the deposition of a witness living in Italy, which was made for the first time in the progress of the hearing, was denied on the ground that it came too late. That ruling was properly affirmed. That case presented a clear showing of

lack of diligence and warranted the denial by the commission. In the present proceeding, however, the application was made in due time, and we think the record fails to show a lack of diligence on the part of the Walker Mining Company. In the interest of justice we are of the opinion the writ of review should be granted for lack of jurisdiction and for a denial of due process.

The award is annulled, and the commission is directed to reset for hearing the petition of the Walker Mining Company to terminate its liability, and afford it a reasonable opportunity to procure the evidence of the claimant.

Deirup, J., *pro tem.,* and Tuttle, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 21, 1939. Curtis, J., voted for a hearing.