[Civ. No. 6510.   Third Appellate District.—October 11, 1940.]

HOLMES EUREKA LUMBER COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and OLEY J. HANSON, Respondents.

R. P. Wisecarver for Petitioners.

Everett A. Corten and Thomas Cotter for Respondents.

THOMPSON, J.—By means of a writ of *certiorari* the petitioners seek to review an order of the Industrial Accident Commission, denying their application for rehearing after a final award of compensation was made in favor of Oley J. Hanson, an employee of the Holmes Eureka Lumber Company. It is contended the commission exceeded its jurisdiction in making the award based on reports of physicians which were received in evidence after the hearing was concluded without affording petitioners an opportunity to cross-examine the physicians or rebut their evidence, contrary to the provisions of section 5704 of the Labor Code of California.

■ The claimant, Oley J. Hanson, was injured August 23, 1935, in the course of his employment, while he was hauling logs for the Holmes Eureka Lumber Company. The Lumbermen's Mutual Casualty Company was the insurer of the lumber company. After a hearing, the claimant, in February, 1939, was awarded compensation on a basis of fifty and one-half per cent disability. After approximately one year the claimant petitioned the commission for increased compensation on account of permanent disability of his injured leg. The hearing on that petition was held at Eureka on April 18, 1940. Both the claimant and these petitioners were represented at that hearing by counsel. The claimant and one other nonmedical witness were examined. No medical witnesses were then examined and no reports of physicians were then filed. The record discloses no application at that hearing to subsequently file medical reports. All that the record shows is that, at the close of the testimony, the referee made the following order: ''Case held open ten days; otherwise submitted.'' This language implies that the proceedings were to remain open for either party, upon application therefor, to supply additional evidence within ten days, in the absence of which the cause would then be deemed to stand submitted. It accords with reason and justice that such additional evidence should be permitted to be adduced only upon notice to the adverse party with full opportunity to be heard and rebut such evidence if he so desires.

April 22, 1940, the attorney for the claimant sent to the commission four written medical reports. Two of these reports were signed by Dr. J. F. Walsh, and two of them were signed by Dr. Carl Wallace. They were filed on the last-mentioned date and notice thereof was immediately forwarded to the attorney for these petitioners. It is significant that these medical reports were dated and evidently rendered by the physicians on the following dates: October 30, 1939, November 15, 1939, April 13, 1940, and April 15, 1940. All of them were evidently made prior to the hearing, and they were either in the possession of the claimant at the time of that hearing or they were accessible to him.

April 23d the commission received a letter from Mr. Wise-carver, one of the attorneys for these petitioners, asking that he be associated as counsel for the respondents in that proceeding and stating that since the four medical reports, which

were available to the claimant at the time of the hearing, were thereafter received in evidence without the opportunity of learning of their contents, cross-examining the affiants, or supplying evidence in rebuttal or explanation thereof, the respondents were prejudiced thereby. He requested the commission to grant a further hearing to enable them to cross-examine the affiants and to supply evidence in rebuttal of those reports. No action upon that request was taken by the commission. After the expiration of ten days from the hearing, during which period the proceeding was held open, and after it was therefore .submitted pursuant to the former order, Mr. Wiseccarver again wrote to the commission on May 20th, and demanded a hearing to cross-examine the physicians who had filed their reports and to supply rebuttal evidence. The last-mentioned letter was accompanied with a counter-report of Dr. Edmund Butler, which was filed by the commission on the following day. On that day the commission adopted findings awarding the claimant for total disability $2,481.60 and a life pension of $6.36 a week.

June 6th a formal petition for rehearing on the grounds previously mentioned was filed pursuant to section 64 of the Workmen's Compensation Act. (See sec. 5900 et seq. of the Labor Code.) That application for a rehearing was denied. This petition for a writ of review was then filed.

Section 5704 of the Labor Code upon which the petitioner relies, reads as follows:

"Transcripts of all testimony taken without notice and copies of all reports and other matters added to the record, otherwise than during the course of an open hearing, shall be served upon the parties to the proceeding, and an opportunity shall be given to produce testimony in explanation or rebuttal thereof before decision is rendered."

■ We are of the opinion the Industrial Accident Commission exceeded its jurisdiction in submitting and determining the claimant's petition for additional compensation based on medical reports filed subsequent to the "open hearing" which reports were not referred to or used on that hearing and the contents of which the employer and the insurer had absolutely no knowledge or opportunity of explaining or rebutting by cross-examination of the affiants or otherwise. That was a violation of the constitutional right to due process. (*Walker Mining Co.* v. *Industrial Acc. Com.*, 35 Cal. App. (2d) 257, 262 [95 Pac. (2d) 188].) Apparently these peti-

tioners had no intimation of the existence of these reports at the time of the hearing, or any warning that they would be subsequently filed by the claimant. They were actually filed after the "open hearing" before the proceeding was submitted. Within the time prior to which the cause was submitted, application was duly made to permit these petitioners to cross-examine the affiants and to produce evidence explaining or rebutting the averments of the reports which, in effect, were denied.

It is true that the counter-report of Dr. Edmund Butler was received and filed by the commission after the cause was finally submitted and on the same day that the findings were adopted and the award rendered, but the record fails to show that it was actually considered by the commission. At least no opportunity in open hearing was afforded the respondents there to examine the witnesses who rendered those reports or to rebut or explain the contents thereof. Those reports were certainly prejudicial to them. That denial was not a mere error in procedure. It did not involve a discretion to limit or curb the cross-examination of witnesses. It was an absolute denial of the right to any cross-examination and to supply evidence to rebut damaging reports upon which the award was primarily based, contrary to the provisions of section 5704 of the Labor Code. That section is very clear to the effect that all such reports which are added to the record after the termination of the open hearing entitles the adverse parties to an opportunity to "produce testimony in explanation or rebuttal thereof". It follows that the commission exceeded its jurisdiction in denying the petition for a rehearing.

The award is annulled and the proceeding is remanded with direction to the commission to grant the rehearing and give these petitioners an opportunity to adduce evidence in rebuttal of the claimant's medical reports.

Tuttle, J., and Pullen, P. J., concurred.