[Civ. No. 2680.   Fourth Dist.   Nov. 12, 1941.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WILLIAM I. GALE, Respondents.

714

W. N. Mullen for Petitioner.

Everett A. Corten and J. Gould for Respondents.

MARKS, J.—This is a petition filed by an insurance carrier to annul a permanent disability rating and award of the Industrial Accident Commission on the ground that a report forming a basis of the award was received by the commission after the open hearing of the case, and that petitioner was denied the right to cross-examine the witness making the report upon which the award was based and to introduce evidence in rebuttal of the report. (Sec. 5704, Labor Code.)

In May, 1936, William I. Gale was employed by the Seaboard Oil Company and was injured on the eleventh day of that month. Petitioner was the employer's insurance carrier. After proceedings duly had Gale was paid the compensation found to be due him and returned to work. On December 3, 1940, Gale filed another application. A hearing was had and an additional award was made. A rehearing was granted and another hearing was had. Medical reports were filed which clearly showed serious injury to his left leg and ankle, due to the previous injury, and the improper union of the bones. That the injury resulted in a permanent disability seems clear from these reports. No effort was made at or prior to the final open hearing to determine the percentage of this disability. This question was referred to R. E. Haggard, superintendent of the permanent disability rating department of the commission who, on June 9, 1941, recommended a 29¼% permanent disability rating. A copy of this report was served on petitioner with the following notice attached:

"NOTICE IS HEREBY GIVEN that the above entitled case will be submitted for decision seven days from the date hereof unless good cause be shown to the contrary in writing.

"Dated at San Francisco,
California, this 11th
day of June, 1941.

RAYMOND G. LINDLEY
Referee
Industrial Accident Commission."

On June 18, 1941, petitioner served and filed a written request to have the case set down for further hearing "for the purpose of giving defendants the opportunity to cross-examine Mr. R. E. Haggard on his Report of Permanent Disability Rating for the Information of the Commission, dated June 9, 1941, and to offer testimony in rebuttal thereto. Copy of this report was mailed by your Commission to this defendant on June 11, 1941."

On June 19, 1941, without replying to the request of petitioner, the commission made its findings of fact and award, basing its permanent disability rating on the report of Mr. Haggard and fixing the disability rating at $29\frac{1}{4}\%$.

Petitioner maintains that the denial of its request denied to it its constitutional right to due process. This contention must be sustained.

A closely related question was before the court for review in *Holmes Eureka Lumber Co.* v. *Industrial Acc. Com.*, 41 Cal. App. (2d) 150 [106 Pac. (2d) 23], where the court said:

"We are of the opinion the Industrial Accident Commission exceeded its jurisdiction in submitting and determining the claimant's petition for additional compensation based on medical reports filed subsequent to the 'open hearing' which reports were not referred to or used on that hearing and the contents of which the employer and the insurer had absolutely no knowledge or opportunity of explaining or rebutting by cross-examination of the affiants or otherwise. That was a violation of the constitutional right to due process. (*Walker Mining Co.* v. *Industrial Acc. Com.*, 35 Cal. App. (2d) 257, 262 [95 Pac. (2d) 188].)"

An identical question was before the court in *Young* v. *Industrial Acc. Com.*, 38 Cal. App. (2d) 250 [100 Pac. (2d) 1062], where the award was annulled. In the concurring opinion by Mr. Presiding Justice Peters, concurred in by Mr. Justice Ward, the following appears:

"This problem is not a simple one of computation. The fact that the expert of the commission, at different times, has rated this particular injury in three or four different ways, demonstrates this. Obviously, no schedule can apply to every possible injury. No schedule can take into consideration the degree of pain, the ability of the injured man to continue to compete in the labor market, and other possible factors. This is the subject of expert testimony. This testi-

mony should be made part of the record, available to both sides, and the expert should be made available for cross-examination.''

Upon the authorities cited the award is annulled and the case is remanded to the commission for further proceedings.

Barnard, P. J., and Griffin, J., concurred.