[Civ. No. 13077.   First Dist., Div. Two.   June 17, 1946.]

MASSACHUSETTS BONDING AND INSURANCE COM-
   PANY, Petitioner, v. INDUSTRIAL ACCIDENT COM-
   MISSION and FLORENCE IRENE GRANT HIMES,
   Respondents.

W. N. Mullen for Petitioner.

R. C. McKellips, Joseph Sheehan and Albert Picard for Respondents.

DOOLING, J.—Petitioner by writ of review attacks an order made by the Industrial Accident Commission denying its petition to reduce the permanent disability rating of respondent Himes. At the hearing of this petition before the referee on July 6, 1945, the reports of two physicians were introduced into evidence by respondent Himes. One of these reports, that of Dr. Haldeman, had been served on the petitioner in this proceeding on the day before the hearing. The other report, that of Dr. Kistler, had not previously been served. At the close of the hearing on July 6, 1945, counsel for respondent requested:

"That the Commission refer this case to independent examiners, orthopedic and neurological, to determine the apparent conflict between the reports filed by the applicant and the reports filed by the defendant. If that request be granted, I am agreeable that the case shall stand submitted upon the receipt and filing of such reports. That not being true, I would like the opportunity to cross-examine and offer further testimony in rebuttal of reports of Drs. Kistler and Haldeman."

After some discussion the following occurred:

"Referee: The case will be held open ten days at the end of which time it will stand submitted for decision. In this ten day period I will go over the file with the idea of your offer of independent medical examiners, and if we do not send her to the independent medical examiners, then I will give consideration to your petition to cross-examine these doctors.

"Mr. Mullen: In other words, open ten days to determine whether or not my request to cross-examine or offer testimony in rebuttal on these two reports will be granted or denied and if denied, it will stand submitted. If the case is sent to independent medical examiners, the defendant waives cross-examination of the two doctors."

The petitioner's requests for independent medical examination and the right to cross-examine Drs. Kistler and Haldeman and to produce evidence in rebuttal of that given in their reports, and his petition to reduce the permanent disability rating were all denied.

It is petitioner's claim that the denial of his requests for opportunity to produce rebuttal testimony and to cross-examine the two physicians amounted, under the facts of this case, to a denial of due process of law.

In considering these contentions it should be borne in mind that the Industrial Accident Commission under the constitutional provision authorizing its creation exercises a portion of the judicial powers of the state and ''in legal effect is a court.'' (*Bankers Indem. Ins. Co.* v. *Industrial Acc. Com.*, 4 Cal.2d 89, 97 [47 P.2d 719] ; *Lyydikainen* v. *Industrial Acc. Com.*, 36 Cal.App.2d 298, 304 [97 P.2d 993].) Even if regarded as a purely administrative agency, however, in exercising adjudicatory functions the commission is bound by the due process clause of the Fourteenth Amendment to the United States Constitution to give the parties before it a fair and open hearing. ''The right to such a hearing is one of 'the rudiments of fair play' (citation) assured to every litigant by the Fourteenth Amendment as a minimal requirement.'' (*Ohio Bell Tel. Co.* v. *Public Utilities Com.*, 301 U.S. 292 [57 S.Ct. 724, 81 L.Ed. 1093, 1102] ; *Morgan* v. *United States*, 304 U.S. 1 [58 S.Ct. 773, 82 L.Ed. 1129, 1130-1131].)

The reasonable opportunity to meet and rebut the evidence produced by his opponent is generally recognized as one of the essentials of these minimal requirements (*Ohio Bell Tel. Co.* v. *Public Utilities Com., supra*; *United States* v. *Abilene & S. R. Co.*, 265 U.S. 274 [44 S.Ct. 565, 68 L.Ed. 1016] ; *Olive Proration etc. Com.* v. *Agricultural etc. Com.*, 17 Cal.2d 204, 210 [109 P.2d 918]), and the right of cross-examination has frequently been referred to as another (*Interstate Commerce Com.* v. *Louisville & N. R. Co.*, 227 U.S. 88 [33 S.Ct. 185, 57 L.Ed. 431, 434] ; *Olive Proration etc. Com.* v. *Agricultural etc. Com., supra*; *Carstens* v. *Pillsbury*, 172 Cal. 572, 578 [158 P. 218] ; *Walker Min. Co.* v. *Industrial Acc. Com.*, 35 Cal.App. 2d 257, 262 [95 P.2d 188] ; *Holmes Eureka L. Co.* v. *Industrial Acc. Com.*, 41 Cal.App.2d 150, 153 [106 P.2d 23] ; *Young* v. *Industrial Acc. Com.*, 38 Cal.App.2d 250, 257 [100 P.2d 1062] ; *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal. App.2d 713 [118 P.2d 848]).

The classic statement of the rule applicable to such proceedings is found in *Interstate Commerce Com.* v. *Louisville & N. R. Co., supra,* 57 L.Ed. at p. 434:

"All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense."

The reports of the two physicians were admitted pursuant to Labor Code, section 5703, subdivision (a):

"The commission may receive as evidence either at or subsequent to a hearing, and use as proof of any fact in dispute, the following matters, in addition to sworn testimony presented in open hearing:

"(a) Reports of attending or examining physicians."

Section 5704 of the same code provides:

"Transcripts of all testimony taken without notice and copies of all reports and other matters added to the record, otherwise than during the course of an open hearing, shall be served upon the parties to the proceeding, and an opportunity shall be given to produce testimony in explanation or rebuttal thereof before decision is rendered."

■ Counsel for the commission call attention to the fact that section 5704 in terms gives the right of explanation and rebuttal only where reports and other matters are added to the record "otherwise than during the course of an open hearing," and seem to argue that when reports are admitted during an open hearing the opposing party may be denied the rights of explanation and rebuttal. We refuse to construe the language of this section as implying such a legislative intent.

The Legislature may reasonably be presumed to have expected that when evidence, oral or documentary, was introduced during an open hearing the parties would be accorded as of course a reasonable opportunity to meet it. But in relaxing in sections 5701 and 5703 of the Labor Code the ordinary rule that no evidence may be considered which is not taken at a hearing of which the parties have notice and which they have an opportunity to attend, it was necessary for the Legislature to give the parties affected notice of evidence so introduced and the opportunity to explain or rebut it in order to meet the constitutional requirement of due process. (42 Am.Jur. 483-4 and cases cited *supra.*)

■ With respect to the right of cross-examination peti-

tioner calls our attention to rule XI, subdivision 3, of the Industrial Accident Commission which reads:

"If any person desires to cross-examine a physician whose report is so filed, he must forthwith by letter addressed to the Commission, or orally at the hearing, request opportunity to produce the physician, and the expense of so producing the physician for questioning must be borne by the party making the request."

The power to adopt rules of practice and procedure is expressly given to the commission by section 5307, subdivision (a), Labor Code. Counsel for the petitioner complied with the rule by orally requesting at the hearing the right to produce the physicians for cross-examination and, in view of the fact that one report had only been served on him the day before and the other was first served on him at the hearing, his request must be held to have been timely made. From the face of the reports it appears that the offices of both physicians were in San Francisco and, granted the opportunity requested, petitioner might readily have produced them for cross-examination pursuant to the rule. We can find no justification for the referee's action in arbitrarily denying petitioner's timely request to meet this evidence by cross-examination and rebuttal.

Counsel for the commission suggests that the reports are hearsay, that the chief objection to the use of hearsay is the deprivation of the right to cross-examine, and that therefore in making reports of physicians admissible the Legislature has in effect indicated a legislative intention to deprive the adverse party of the right to cross-examine the authors of the reports. The reports, though hearsay, are testimonial in character. Unlike business entries, dying declarations, res gestae statements and other recognized exceptions to the hearsay rule, which derive their sanction of veracity from the circumstance that they are not made or uttered with litigation in mind or primarily for the purpose of being used as evidence, the reports of these physicians were expressly made for use as evidence in this proceeding. At least when the authors of such reports are available, pursuant to rule XI, subdivision 3 of the commission, above quoted, the adverse party is entitled to put the accuracy of their reports to the test of cross-examination.

We may suggest that cross-examination, if successful, is the most effective method of rebuttal, and frequently does away

with the necessity of producing other rebuttal evidence. At least where the attendance of the authors of reports may be easily procured the adverse party should be accorded the right to produce them for cross-examination as part of his rebuttal evidence.

What we have said sufficiently shows the applicability to this case of *Walker Min. Co.* v. *Industrial Acc. Com.*, 35 Cal.App.2d 257 [95 P.2d 188] ; *Young* v. *Industrial Acc. Com.*, 38 Cal.App.2d 250 [100 P.2d 1062] ; *Holmes Eureka L. Co.* v. *Industrial Acc. Com.*, 41 Cal.App.2d 150 [106 P.2d 23] ; and *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 713 [118 P.2d 848], all cited *supra*. In the first of those cases an award was annulled because the commission denied petitioner the rights to cross-examine the claimant in another state and to have a medical examination. In the latter three, awards were annulled where the commission had received and acted on reports filed after the hearing was closed, because the petitioners were thereby deprived of the rights of cross-examination and rebuttal. It would make a farce of the law to hold that if the report is filed at the hearing the adverse party may be denied the rights of cross-examination and rebuttal but that if it is filed after the hearing he must be accorded those rights. The deprival of due process lies not in the concealment of the evidence but in the lack of opportunity for cross-examination and rebuttal which results from the concealment. There is no magic in the mere disclosure of the evidence where the adverse party is denied all right to test or countervail it.

*Walsh* v. *Industrial Acc. Com.*, 1 Cal.2d 747 [36 P.2d 1072], is heavily relied upon by the commission. The right of cross-examination was not involved or discussed in that case and, since neither the course nor the outcome of cross-examination can be foretold, that case is not controlling here.

The order herein attacked is annulled and the proceeding remanded to the commission for further hearing.

Nourse, P. J., and Goodell, J., concurred.