[Civ. No. 13792. First Dist., Div. Two. Aug. 4, 1948.]

LANGENDORF UNITED BAKERIES, INC., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ORVAL B. HOLT, Respondents.

W. N. Mullen for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

NOURSE, P. J.—Petitioner seeks review of an award of 100 per cent permanent disability for injuries claimed to have occurred to the respondent Holt during the course of his employment.

There is no dispute that the employee suffered a blow on the elbow while applying a wrench, and jerked his head backward and fell to the floor; that he thereafter complained of severe pains in his neck, arm and lower back. The back pains are the basis upon which the permanent award was made. Concededly the weight of the medical evidence is that the back pains were not caused by the industrial injury. The real cause was a subject of uncertainty and conflicting conclusions of the medical experts.

The petitioner attacks the award on two grounds—(1) that the evidence is insufficient to support the findings of permanent injury, and (2) that petitioner was denied due process when the referee refused to give him the right to cross-examine two of the medical witnesses.

We will limit our discussion to the second ground. In the proceedings before the referee there was a sharp conflict in the evidence as to whether the back injuries were the result of the accident and as to whether any injuries caused permanent disability under the terms of the statute. At the conclusion of the hearing it was agreed that two physicians might submit their reports in writing and the referee then entered an order that the cause should "stand submitted on the filing" of these reports. The petitioner herein protested orally and in writing that it was denied the right of cross-examination of these witnesses, that the subject matter of these reports covered the basic issue of the controversy, to wit, the permanency of the employee's industrial injury, and that it was vital to petitioner's case that it be permitted to develop that issue by cross-examination of these witnesses. This request was denied and therein lies the error.

The denial of the right of cross-examination, both where the evidence in chief was admitted during the course of the hearing and where it was received after the hearing was closed, has been held a deprivation of due process in *Walker Min. Co.* v. *Industrial Acc. Com.*, 35 Cal.App.2d 257 [95 P.2d 188]; *Young* v. *Industrial Acc. Com.*, 38 Cal.App.2d 250 [100 P.2d 1062]; *Holmes Eureka L. Co.* v. *Industrial Acc. Com.*, 41 Cal. App.2d 150 [106 P.2d 23]; *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 713 [118 P.2d 848]; and

*Massachusetts etc. Ins. Co.* v. *Industrial Acc. Com.*, 74 Cal. App.2d 911 [170 P.2d 36].

But respondents argue that this right of cross-examination of the two medical experts was waived. This is based on these facts: After the hearing was ordered submitted petitioner demanded in writing the right to cross-examine these witnesses and to offer rebuttal evidence. This demand was refused. Thereafter arrangements were made to take evidence of a lay witness on the subject of permanent disability rating. Thereafter the referee notified petitioner in writing that his request to cross-examine the medical witnesses would be denied and, on a later date, wrote petitioner: "You of course will be permitted to cross-examine Mr. Haggard and offer rebuttal evidence so far as the report of permanent disability rating is concerned." To this petitioner's counsel replied: "We are agreeable to only cross-examine Mr. Haggard and therefore, I will not file any reports. . . ." This last statement, the respondents argue, is a waiver of the prior request for leave to cross-examine the medical witnesses.

We cannot treat it as a waiver of that right and it is manifest that none of the parties so treated it. The request to cross-examine those witnesses had been definitely and positively denied. The petitioner was given the right to cross-examine Mr. Haggard and to "offer rebuttal evidence" to the testimony of that witness alone. Counsel's letter agreeing to "only" cross-examine that witness was notice that he would not offer additional evidence rebutting that of Mr. Haggard. It meant no more and could not have been understood as waiving the right to cross-examine the medical witnesses.

The award is annulled and the proceeding remanded for further hearing.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied September 3, 1948, and respondents' petition for a hearing by the Supreme Court was denied September 30, 1948. Carter, J., voted for a hearing.