[Civ. No. 15026.  First Dist., Div. One.  Jan. 30, 1952.]

KAISER COMPANY, INC. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, R. F. BASKIN et al., Respondents.

R. P. Wisecarver for Petitioners.

Edmund J. Thomas, Jr., and T. Groezinger for Respondents.

WOOD (Fred B.), J.—This is a proceeding brought by the employer and the insurance carrier to review a decision of the Industrial Accident Commission which awarded R. F. Baskin, the employee, compensation for permanent total disability and found his mother and sister, Mrs. Mary Baskin and Mrs. Catherine Dunn, entitled to the reasonable value of nursing services, custodial care and supervision rendered the employee since January 20, 1946.

The questions presented are: (1) Was the commission's denial of petitioners' application to take testimony outside of California a deprivation of due process? (2) Is an award of practical nursing care and supervision permissible under the statute and is such an award in this case sustained by the evidence? (3) Should the employee's disability have been prorated against his preexisting condition? (4) Did the increased medical benefits accorded by the 1949 amendment of section 4600 of the Labor Code operate retroactively and apply to costs therefor incurred by an injured employee prior to that amendment?

(1) *In considering the due process question,* it is desirable to review briefly the history of the case.

The employee was injured December 10, 1945. The carrier furnished hospital service until January 20, 1946, when he was discharged to the care of his mother, at her request. Medical service continued for some time thereafter. March 1, 1947, the family, including the employee, returned to their home state, Tennessee, and have resided there ever since. The carrier has been paying the employee compensation at the rate of $25 per month since the injury.

The employee's application for adjustment of his claim was dismissed March 31, 1948, by order of respondent commission, for lack of jurisdiction, as a subject exclusively within the federal jurisdiction. That order was affirmed by the state District Court of Appeal, but its judgment was vacated by the Supreme Court of the United States and the cause remanded for reconsideration. Upon such reconsideration, the state court annulled the order of dismissal and directed the commission to proceed with the hearing and determination of the employee's application (*Baskin* v. *Industrial Acc. Com.,* 97 Cal.App.2d 257 [217 P.2d 733]; remittitur issued June 28, 1950), a judgment which was affirmed November 27, 1950 (*Kaiser Co., Inc.,* v. *Baskin,* 340 U.S. 886 [71 S.Ct. 208, 95 L.Ed. 643]). The mandate of the United

States Supreme Court was received by respondent commission April 11, 1951, by remittitur from the state court.

Upon the request of petitioners for an early and final decision, a further hearing before a referee of the commission was set for September 13, 1950. At that hearing, petitioners indicated their desire for an award, that they might take it up to the United States Supreme Court for determination, there then being no outstanding award. The case was submitted for decision by the commission.

September 27, 1950, Mrs. Baskin and Mrs. Dunn filed their claim of lien for nursing services at the rate of $10 per day for the period commencing on or about February 15, 1946, and continuously thereafter. The record indicates that they had not mentioned the subject of compensation for such services until September 15, 1950, when their counsel wrote the commission he had ascertained the status of their claims and that they would cover the period commencing in February, 1946, and continuing indefinitely thereafter. On September 13, the referee had asked him if any claim was being made for recovery of the value of nursing services, and he replied, "Well, I think maybe you better give me a chance to consider that."

October 24, 1950, the commission, in view of the pendency of proceedings before the United States Supreme Court, ordered the case "off calendar and all further action on the matters now pending herein suspended, subject to being reset upon request of any of the parties hereto."

December 15, 1950, counsel for the employee and the lien claimants informed the commission of the decision of the United States Supreme Court and requested that the matter go back on the calendar and be set down for the taking of evidence in respect to the claims for nursing services. December 18, petitioners requested that the case be restored to the calendar "for a full hearing on the questions of disability, wage and medical expense," stating "This will necessitate hearings at San Francisco and at the home of applicant in Tennessee," hearings "both at San Francisco and Memphis."

January 9, 1951, the commission gave notice that "further hearing" (without limitation as to scope of the issues) would be held at San Francisco January 31. At that hearing, which continued into February 1, the lien claimants testified concerning the nursing services rendered and the need therefor, including the physical and mental condition of the employee. Petitioners moved for a hearing or the

taking of depositions of newly discovered witnesses, whose names they gave, at Memphis, Tennessee, and Clarksdale, Mississippi, as persons who have known the employee for many years and have observed his actions and his ability to get about and whether or not he needs any personal care, and whether or not he has any greater need for such care than before the injury, evidence which petitioners stated would be contradictory to that given by the lien claimants. Counsel for petitioners represented that this evidence was necessary upon the issues presented by Mrs. Baskin and Mrs. Dunn under the claim for nursing services, and also upon the question of what proportion of the employee's present condition is due to the injury and what was preexisting. In conclusion, counsel said, "If you wish, I'll file an affidavit." The referee forthwith denied the request for further hearing, and ordered, "The matter will stand open for seven days, and thereupon submitted." Within the seven days, petitioners filed a renewal of their motion for the taking of testimony in Mississippi and Tennessee, by a writing duly verified, which gave the names of the proposed witnesses and other relevant facts, and invoked the due process of law requirements of the state and federal Constitutions.

By a decision filed April 11, 1951, the commission (1) awarded the employee compensation for permanent disability rated at 100 per cent, (2) found Mrs. Baskin and Mrs. Dunn entitled to the reasonable value of nursing services, custodial care and supervision of the employee from and after January 20, 1946, the value thereof to be later determined, and (3) denied petitioners' application to take testimony outside of California, except on the question of the reasonable value of the services of Mrs. Baskin and Mrs. Dunn, the need for such testimony on that issue to be determined later.

The facts we have narrated require no embellishment to demonstate that the denial of petitioners' motion by the referee and by the commission was a deprivation of due process of law, and that the decision under review must be annulled.

The governing principles, and their application to proceedings before the respondent commission when functioning as a court, were clearly and cogently defined and declared by Justice Dooling, in *Massachusetts Bonding & Ins. Co. v. Industrial Acc. Com.*, 74 Cal.App.2d 911, at 913-914 [170 P.2d 36]: ". . . it should be borne in mind that the Industrial Accident Commission under the constitutional provision authorizing its creation exercises a portion of the judicial powers

of the state and 'in legal effect is a court.' (*Bankers Indem. Ins. Co.* v. *Industrial Acc. Com.*, 4 Cal.2d 89, 97 [47 P.2d 719]; *Lyydikainen* v. *Industrial Acc. Com.*, 36 Cal.App.2d 298, 304 [97 P.2d 993].) Even if regarded as a purely administrative agency, however, in exercising adjudicatory functions the commission is bound by the due process clause of the Fourteenth Amendment to the United States Constitution to give the parties before it a fair and open hearing. 'The right to such a hearing is one of "the rudiments of fair play" (citation) assured to every litigant by the Fourteenth Amendment as a minimal requirement.' (*Ohio Bell Tel. Co.* v. *Public Utilities Com.*, 301 U.S. 292 [57 S.Ct. 724, 81 L.Ed. 1093, 1102]; *Morgan* v. *United States*, 304 U.S. 1 [58 S.Ct. 773, 82 L.Ed. 1129, 1130-1131].)

"The reasonable opportunity to meet and rebut the evidence produced by his opponent is generally recognized as one of the essentials of these minimal requirements (*Ohio Bell Tel. Co.* v. *Public Utilities Com., supra*; *United States* v. *Abilene & S. R. Co.*, 265 U.S. 274 [44 S.Ct. 565, 68 L.Ed. 1016]; *Olive Proration etc. Com.* v. *Agricultural etc Com.*, 17 Cal.2d 204, 210 [109 P.2d 918]), and the right of cross-examination has frequently been referred to as another (*Interstate Commerce Com.* v. *Louisville & N. R. Co.*, 227 U.S. 88 [33 S.Ct. 185, 57 L.Ed. 431, 434]; *Olive Proration etc. Com.* v. *Agricultural etc. Com., supra*; *Carstens* v. *Pillsbury*, 172 Cal. 572, 578 [158 P. 218]; *Walker Min. Co.* v. *Industrial Acc. Com.*, 35 Cal.App.2d 257, 262 [95 P.2d 188]; *Holmes Eureka L. Co.* v. *Industrial Acc. Com.*, 41 Cal.App.2d 150, 153 [106 P.2d 23]; *Young* v. *Industrial Acc. Com.*, 38 Cal. App.2d 250, 257 [100 P.2d 1062]; *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 713 [118 P.2d 848]).

"The classic statement of the rule applicable to such proceedings is found in *Interstate Commerce Com.* v. *Louisville & N. R. Co., supra*, 57 L.Ed. at p. 434:

"'All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense.'"

*(2) As to the award of private practical nursing services, custodial care and supervision, or institutional care or maintenance,* including the award for services rendered by the lien claimants, it is unnecessary and inappropriate for this court

at this time to undertake to determine the precise scope of the applicable statute or to consider whether the evidence supports the award, in view of the present state of the record and our conclusion that the proceeding must be remanded for further hearing.

*(3)   Whether or not the employee's disability should be prorated against his preexisting condition,* is likewise a question for consideration in the first instance by respondent commission upon the further hearings which it will conduct.

█ *(4)   The increased medical benefits accorded by the 1949 amendment of section 4600 of the Labor Code,* are really in the nature of an allowance for costs incurred by an employee in a proceeding before the commission when prosecuting his claim for compensation.   By that amendment, the Legislature added the following to section 4600: ''In accordance with the rules of practice and procedure of the commission, the employee, or the dependents of a deceased employee, shall be reimbursed for expenses reasonably, actually, and necessarily incurred for X-rays and medical reports required to successfully prove a contested claim.''   Such a provision relates to procedure and applies to a pending proceeding such as this one, and to such costs incurred prior to the effective date of the amendment.   (See *Record* v. *Indemnity Ins. Co.,* 103 Cal. App.2d 434 [229 P.2d 851]; *Turner* v. *East Side Canal & Irr. Co.,* 177 Cal. 570 [171 P. 299]; and *Wilson* v. *Nichols,* 55 Cal.App.2d 678, 682 [131 P.2d 596].)

The decision under review is annulled and the proceeding remanded to the commission for further hearing.

Peters, P. J., and Bray, J., concurred.

The opinion was modified to read as above printed and a petition for a rehearing was denied February 26, 1952.