[Civ. No. 15499. First Dist., Div. Two. Feb. 10, 1953.]

COLUMBIA - GENEVA STEEL DIVISION, UNITED STATES STEEL COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRED COFFEY, Respondents.

Thomas Ashby, D. J. McDaniel and K. C. McGuiness for Petitioner.

Edmund J. Thomas, Jr., and T. Groezinger for Respondents.

DOOLING, J.—In this proceeding before the Industrial Accident Commission the referee who originally heard the application made findings against the applicant and an award was made accordingly denying him any relief. Panel One of the commission thereafter granted the applicant's petition for reconsideration and without further hearing made an award of compensation to the applicant. The evidence was in sharp conflict as to whether applicant was suffering from an injury arising out of his employment. The applicant testified that on March 24, 1951, while he was shoving a ten-ton "back-up roll" suspended on a crane he felt a sharp pain in his heel. He is suffering from a ruptured intervertebral disc which, according to his medical reports, probably resulted from the strain at the time that he felt the pain in his heel. The employer produced reports showing that applicant was not working on March 24 and that on that date no "back-up rolls" were being handled in the shop where applicant worked. These records showed that applicant did work on March 23 and that "back-up rolls" were handled in the shop on that date. There was also testimony that applicant originally claimed that his injury occurred on March 21 and it is undisputed that there was a delay in his notifying his employer that he claimed to be suffering from an industrial injury. Relying on the amendment to section 5952, Labor Code, adding to the grounds of review that "(d) The order, decision or award was not supported by substantial evidence" (Stats. 1951, ch. 606) petitioner argues that there is no substantial evidence to support the finding of the panel that applicant sustained injury arising out of and in the course of his employment.

This amendment was not intended to give the courts the power to substitute their judgment for that of the commission as to the effect or weight of the evidence. Section 9 of the statute embodying this amendment specifically provides that it does not "permit the court to hold a trial de novo,

to take evidence, or to exercise its independent judgment on the evidence.'' (Stats. 1951, p. 1769.) Since we cannot exercise our independent judgment on the evidence our inquiry ends when we find substantial evidence to support the panel's finding. The evidence of the applicant above outlined meets this test and the effect of the contradictory evidence and matters tending to discredit applicant's testimony were for the panel to weigh and determine.

 Petitioner argues that ''if . . . the Commission (is) permitted to substitute its opinion as to the credibility of witnesses for that of the hearing referee, there would seem to be no reason for oral hearings other than to perpetuate testimony.'' The Legislature has given just this power to the commission (Lab. Code, §§ 5906, 5907) and it is settled that ''the commission may make factual determination contrary to that of the referee although the testimony is conflicting and it did not itself hear the testimony or observe the witnesses, but did examine the evidence and record.'' (*National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.,* 34 Cal.2d 20, 28 [206 P.2d 841].)

The applicant without notifying his employer of his claim of industrial injury employed physicians of his own choosing to treat him. The evidence is in dispute as to the date on which the employer was given such notice. Without finding the date of notice to the employer the panel ordered the employer to pay all medical and hospital expense theretofore procured. The liability for such costs is imposed on the employer '' (i)n the case of his neglect or refusal seasonably'' to furnish such treatment. (Lab. Code, § 4600) Before notice of the industrial injury the employer is under no duty to furnish such care. (27 Cal.Jur., Workmen's Compensation, § 183, p. 528; *Leadbettor* v. *Industrial Acc. Com.,* 179 Cal. 468 [177 P. 449].) The commission should have found the date on which the employer first had notice of the necessity for such treatment and should have made its award for the cost of treatment run only from that date.

The most serious question concerns the reception in evidence of a report of Dr. Steinbergh, one of applicant's medical experts. Attached to applicant's petition for reconsideration was this medical report. In its answer petitioner objected to the consideration of this report. The panel made no ruling on this objection until it filed its findings and award and as a part thereof it ''ordered that the report of

S. S. Steinbergh, M.D., dated November 21, 1951, be, and it is hereby, admitted into evidence.''

In its report preceding its findings and award the panel said:

''The medical report of Dr. Steinbergh, dated November 21, 1951, is very persuasive that there was an injury from the incident recited by the employee, and the doctor logically explains how it occurred.''

When petitioner complained in its petition for reconsideration of the use of this report, without opportunity to cross-examine or rebut, the panel said in denying the petition that it ''did not make its decision upon the supplemental report of Dr. Steinbergh. It considered . . . all of the testimony . . . the report of Dr. Steinbergh is merely a reiteration of what he has heretofore said and it contains no new matter.''

The referee had found Dr. Steinbergh's original report unsatisfactory and unconvincing. The supplemental report was stated to be to clarify the earlier report and to meet the referee's criticisms of it. The panel stressed this report as ''very persuasive'' and said that it ''logically explains'' how the injury occurred. We are not impressed by the panel's later disclaimer of the importance of this report in arriving at its decision.

█ It is a deprivation of constitutional due process to receive evidence without the opportunity to rebut and cross-examine. (*Langendorf etc. Bakeries* v. *Industrial Acc. Com.,* 87 Cal.App.2d 103 [195 P.2d 887]; *Massachusetts etc. Ins. Co.* v. *Industrial Acc. Com.,* 74 Cal.App.2d 911 [170 P.2d 36].)

Petitioner was not required to ask for the right to rebut or cross-examine before its objection had been ruled upon and the report was actually admitted and it took the first opportunity presented after the ruling to raise the question in its petition for reconsideration.

The award is annulled with directions to the commission to proceed in accordance with this opinion.

Nourse, P. J., and Goodell, J., concurred.