[Crim. No. 6314. Second Dist., Div. Three. Dec. 18, 1958.]

THE PEOPLE, Respondent, v. THEO BOYCE REDWINE, Appellant.

Sam Houston Allen for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

VALLÉE, J.—By information defendant was charged in count I with assault with a a deadly weapon upon his step-daughter, Janice Dizon, and in count II with the same offense upon his wife, Doris Redwine. On count I defendant was found not guilty. On count II he was convicted of assault. He appeals from the judgment.

The question is: Did the court abuse its discretion in denying defendant's motion to be relieved of his waiver of a trial by jury and thus deny him his constitutional right to a trial by jury?

On September 19, 1957, defendant pleaded not guilty to both counts of the information and trial was set for October 28, 1957. On October 28 the following occurred in department 40 of the superior court: "THE COURT: The People against Theo Boyce Redwine. MR. ALLEN [attorney for defendant]: The defendant is in Court. We're ready, and desire to waive

a jury trial. THE COURT: To be submitted or tried, Mr. Allen? MR. ALLEN: Tried. THE COURT: How long will it take to try it? MR. ALLEN: An hour and a half. THE COURT: Mr. Redwine, do you want a Court trial or a jury trial? THE DEFENDANT: Court trial. THE COURT: Do you join in the waiver, Mr. Allen? MR. ALLEN: Join in the waiver. THE COURT: Do the People join in the waiver? MR. BUSCH [Deputy District Attorney] : The People join in the waiver.'' The cause was transferred to department 47 for immediate trial.

On October 28, 1957, the following occurred in department 47: ''THE COURT: People vs Theo Boyce Redwine. MR. ALLEN: At the time, if your Honor please, the defendant desires to waive his right to a trial by jury. MR. McDONALD [Deputy District Attorney] : You wish to waive your right to be tried by a jury and to be tried by the Court? THE DEFENDANT: Yes, sir. MR. ALLEN: Join in the waiver. MR. McDONALD: People join. At this time the People offer to stipulate that the People's case in chief may be submitted to the Court on the transcript of the preliminary hearing with the same force and effect as if the witnesses who were there called, sworn and testified were here called, sworn, and testified as set forth in the preliminary transcript. The People further stipulate that all exhibits offered and received at the time of the preliminary hearing be deemed to have been offered and received in evidence for the purposes of this hearing. Further stipulate that both the People and the defendant may put on additional testimony. MR. ALLEN: So stipulated. We would like to further cross-examine the complaining witness. THE COURT: You want those witnesses to return? MR. ALLEN: Yes, Your Honor. I think as to the police officers, it will not be necessary that they return. THE COURT: Which witnesses do you want returned? MR. ALLEN: The two who testified for the prosecution.'' The cause was continued for trial to November 26 in department 47 and the two witnesses were ordered to return at 9:30 a. m. on that date.

On November 26, on motion of defendant, the trial was continued to December 30. On December 30 the cause was called for trial. On motion of the People, an attachment was issued for Janice Dizon, a defaulting witness. The trial was continued to February 11, 1958. On January 14, 1958, Janice Dizon appeared in department 47. She was purged of contempt, the attachment was recalled, and she was instructed to return to department 47 on February 11, 1958, at 9 a. m.

On February 11, 1958, on motion of defendant, the trial was continued to March 17 at 9:30 a. m. and the witnesses were instructed to return at that time. Janice Dizon was not present in court on February 11. On March 14, 1958, the trial was advanced from March 17. The judge stated he had read the transcript of the proceedings before the committing magistrate. The following then occurred:

"MR. BUSCH [Deputy District Attorney] : I might state for the record, if the Court please, that the witness Janice Dizon was ordered to appear, that she failed to appear, she was picked up on one attachment, another attachment was ordered; she is not here and there was reservation of the right of further cross-examination of that witness and I feel that based on her failure to appear I would have to concede that Count I of the Information would have to be set aside because of the fact that the defendant is denied the right of cross-examination of the witness her testimony would have to be stricken. I just want to make that record.

"THE COURT: It wouldn't necessarily mean that Count I would have to be dismissed. In other words, it may be the Court isn't indicating it does, it may be that the Count can be established by the testimony of other witnesses. However, in view of the fact that Janice Dizon is not here in the courtroom, although she was ordered to be here and at one time there was an attachment which was recalled when she appeared in Court, directed January 14th to be in Court on the 11th; and the Court was advised by Mr. Busch she was not in Court on the continued date, February 11th; that she is not here at this time; so the Court is not considering at all and deleting from its consideration of the evidence in this case all of the testimony of Janice Dizon which appears on Pages 2 to 15 of the transcript before the Committing Magistrate, which is both her direct and cross-examination.

"MR. ALLEN [attorney for defendant] : Well, if your Honor please, I don't believe that that affords an answer here, in light of the reservation, because if this matter is submitted and your Honor is to pass upon the question of fact of the guilt or innocence of the defendant, the testimony of that witness would be highly material because in many respects it contradicts the testimony then of the other complaining witness; and there are contradictions—I don't know whether they have appeared to your Honor or not, but I could point them out readily here——"

Counsel for defendant then moved that the action be dis-

missed or, in lieu thereof, that defendant be relieved of his waiver of a trial by jury and that the action be set for such a trial.[1] The motion was denied. In denying the motion the court stated: "[T]he Court appreciates the fact that she may be a material witness for you on further cross-examination. All this Court can do is completely ignore and disregard her testimony. Now, the mere fact that you had a witness that would be of help to you and that witness is not available doesn't authorize the Court to just continue indefinetly proceedings, in other words, the trial has to proceed in the absence of this witness." As stated, defendant was found not guilty of the charge in count I, and on count II he was found guilty of simple assault.

 The charges arose out of an altercation between defendant and his wife, in which Janice Dizon participated. There were numerous discrepancies and contradictions between the testimony of defendant's wife and that of Janice Dizon. On further cross-examination Janice Dizon might have retracted the testimony she gave at the preliminary hearing

[1]In arguing the motion, counsel for defendant stated: "If your Honor please, I do not want the testimony stricken and I want the right to cross-examine Janice Dizon, or else I want to be relieved of my waiver of jury trial because it is not the kind of hearing anticipated and not the kind that was stipulated to; this becomes highly material, for the reason I feel we have a couple of versions and we have a conflict between her and the other complaining witness. These two Counts arise out of the same transaction, two witnesses to the same transaction both presented by the prosecution; I submit one has given one version and another given another version. I submit probably the other cross examination we will get a different version. It is the right of the defendant to cross-examine testimony which relates to the same Counts. . . .

"May I make this one point, if your Honor please. I do not think that it is fair when a case is submitted upon an entire transcript that it be excerpted and proceed on that basis. I think this is not fair today. As I indicated to your Honor I think due process is involved here. I ask you to think about it for a moment. Perhaps I have not presented my point clearly enough. At the time of submission, I submitted the right, in the light of this record having in mind in the making of that stipulation that there were discrepancies between the testimony given in one place by this witness and in another place by this witness and that is the evidence upon which the prosecution relied at the time of the submission, or was to rely, and if I could point contradictions in that testimony——

"THE COURT: You can do that in the argument.

"MR. ALLEN:—and contradictions between the testimony of the witness Dizon and the other witness, and elicit further testimony which I submit to the Court that I would have the right to show still further discrepancies—this is the whole purpose of reserving the right to cross-examine this witness again. If I'm denied that right the State is not keeping its bargain with me, your Honor. . . . I waived the jury with an agreement with the Prosecution to submit this on the transcript, reserving the right to further cross-examination of that witness."

which tended to prove the charge that defendant had assaulted Doris Redwine with a deadly weapon; she might have been impeached; or she might have given testimony which would have exonerated defendant. Her failure to appear notwithstanding she was under subpoena and had been arrested for prior failure to appear would lead one to the conclusion that for some reason she feared further cross-examination. Further cross-examination of Janice Dizon was directly pertinent to the charge in count II.

At the time counsel for defendant waived a trial by jury he had a right to assume that Janice would be called as a witness by the People. Immediately following the waiver in department 40 the cause was transferred from department 40 to department 47. In department 47 counsel for defendant again stated he waived a trial by jury and stipulated that the People's case in chief might be submitted on the transcript of the preliminary hearing, stating he desired to further cross-examine the two complaining witnesses and that he wanted them to return. The court ordered them to return. When Janice, one of the complaining witnesses, did not appear on the day of trial, counsel for defendant was denied his reserved right to cross-examine her. The deputy district attorney stated that defendant was denied the right of cross-examination of Janice and conceded that count I would have to be set aside and that her testimony would have to be stricken. And the court stated he appreciated the fact that Janice might be a material witness for defendant on further cross-examination. The fact that the court completely ignored and disregarded her testimony given at the preliminary hearing and found defendant not guilty of the charge in count I (that he assaulted Janice Dizon with a deadly weapon) did not remedy the denial of the right to further cross-examine her.

■ The right to trial by jury in a criminal case is a sacred one. (*People* v. *Pechar*, 130 Cal.App.2d 616, 617 [279 P.2d 570].) A stipulation for the waiver of the right of trial by jury should be strictly construed in favor of the preservation of the right. (*Burnham* v. *North Chicago St. Ry. Co.*, 7 Cir., 88 F. 627, 629 [22 C.C.A. 64].) ■ "Having in mind the sanctity of the right to trial by jury in criminal cases and the evident purpose of the constitutional provision that no defendant should be deprived of that right unless he unequivocally and personally expressed his consent to such waiver in open court, we have concluded that such waiver must be expressed by the defendant in the manner which can in-

volve no question of misinterpretation, doubt or uncertainty at the time or afterwards." (*People* v. *Pechar*, 130 Cal.App. 2d 616, 619 [279 P.2d 570].)

Counsel for defendant had an absolute right to further cross-examine Janice Dizon. He was denied that right. The right to cross-examine is basic in our judicial system and has been since earliest times. The privilege of a defendant in a criminal action to confrontation by the witnesses against him in the presence of the court is protected by the due process clause of the federal and state Constitutions. (*Snyder* v. *Massachusetts*, 291 U.S. 97, 106 [54 S.Ct. 330, 78 L.Ed. 674, 678, 90 A.L.R. 575].) The improper denial of the right of cross-examination is a denial of due process. (*Olive Proration etc. Committee* v. *Agricultural etc. Committee*, 17 Cal.2d 204, 210 [109 P.2d 918] ; *People* v. *Valdez*, 82 Cal.App.2d 744, 749 [187 P.2d 74] ; *Langendorf etc. Bakeries* v. *Industrial Acc. Com.*, 87 Cal.App.2d 103, 104 [195 P.2d 887] ; *Columbia etc. Steel Div.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 862, 865 [253 P.2d 45] ; *In re Shackelford*, 116 Cal.App.2d 864, 867 [254 P.2d 610] ; *Argonaut Ins. Exch.* v. *Industrial Acc. Com.*, 120 Cal.App.2d 145, 146-154 [260 P.2d 817].) Where the subject of cross-examination concerns the matter at issue, the refusal to permit it results in a denial of a fair hearing. Prejudice must be presumed. (*People* v. *Manchetti*, 29 Cal.2d 452, 459 [175 P.2d 533] ; *People* v. *Mc-Gowan*, 80 Cal.App. 293, 296-299 [251 P. 643] ; *Langendorf etc. Bakeries* v. *Industrial Acc. Com.*, 87 Cal.App.2d 103, 104-105 [195 P.2d 887] ; *Columbia etc. Steel Div.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 862, 865 [253 P.2d 45] ; *Argonaut Ins. Exch.* v. *Industrial Acc. Com.*, 120 Cal.App.2d 145, 152-153 [260 P.2d 817].)

We conclude that under the circumstances of this case the court abused its discretion to defendant's prejudice in denying his motion to be relieved of his waiver of a trial by jury.

Reversed.

Shinn, P. J., and Patrosso, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.