[Civ. No. 21441. First Dist., Div. Two. Dec. 16, 1963.]

FIREMAN'S FUND INDEMNITY COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and RALPH GOMEZ, Respondents.

Hanna & Brophy and Albert Sennett for Petitioners.

Everett A. Corten and Rupert A. Pedrin for Respondents.

AGEE, J.—Petitioners by writ of review attack an order made by respondent commission granting to respondent Gomez a permanent disability rating, additional temporary disability benefits, and further medical treatment.[1] The hearing before the referee which resulted in this order was held on April 16, 1963.

On April 9, 1963, the attorney for Gomez had him examined by a Dr. Citret. This doctor had never seen Gomez before. Petitioners received a copy of his report on April 11, 1963. In it he recommended a spinal fusion operation.

Only Gomez and an investigator employed by petitioners testified at the hearing. Dr. Citret's report was admitted in evidence, he not being present. At the conclusion of the hearing, petitioners requested a continuance for the purpose of cross-examining Dr. Citret on his report. The referee denied the request and ordered that the matter stand submitted. The sole issue on appeal is whether this denial was error.

In *Massachusetts Bonding & Insurance Co.* v. *Industrial Acc. Com.*, 74 Cal.App.2d 911 [170 P.2d 36], Mr. Justice Dooling writing the opinion, it was held to be a denial of due process to deprive the compensation insurance carrier of the opportunity to cross-examine two doctors whose reports were admitted in evidence at the hearing but who were not themselves present.

In that case, one of the reports had been served one day before the hearing and the other was served at the hearing. In the instant case, the report was served five days before the hearing and Saturday and Sunday were two of these days.

Respondents do not challenge the authority of *Massachusetts, supra,* and concede that the right to cross-examine in the instant situation is fundamental. Their position is, however, that the petitioners herein waived this right.

There was no statutory waiver. The commission's own rules provide as follows: "The right of cross-examination of a physician on his written report may be deemed *waived* where the report of the physician has been . . . served upon

---

[1]Gomez was injured on April 15, 1960, while working as an employee of petitioner All American Markets. Petitioner Fireman's Fund Indemnity Company carried the workmen's compensation insurance.

the parties *twenty days* or more prior to the hearing of the case *unless the physician is produced at the time,* or unless good cause has been shown for not producing the physician." (Italics added.) (Rule 10794.5, Rules of Practice and Procedure of the Ind. Acc. Com.)

There was not sufficient time between the receipt of Dr. Citret's report and the date of the hearing within which to comply with the *10-day* subpoena requirement as to *medical witnesses.* (Rule 10824.5, Rules of Practice and Procedure of the Ind. Acc. Com.)

Nor can a waiver of the right to cross-examine Dr. Citret be implied from the failure of petitioners to object to the admission of his report into evidence. Section 5703 of the Labor Code specifically allows such a report to be received in evidence and an objection thereto would have been useless.

Respondents also urge that the request for an opportunity to cross-examine Dr. Citret on his report was equivocal. Petitioners' attorney stated his request and then added that he would withdraw it if the referee would refer Gomez to the commission's medical bureau for examination and report. We do not construe this offer of withdrawal as making the request equivocal.

Neither did the court in *Massachusetts, supra.* There the request was stated as follows: " 'That the Commission refer this case to independent examiners, orthopedic and neurological, to determine the apparent conflict between the reports filed by the applicant and the reports filed by the defendant. If that request be granted, I am agreeable that the case shall stand submitted upon the receipt and filing of such reports. That not being true, I would like the opportunity to cross-examine and offer further testimony in rebuttal of reports of Drs. Kistler and Haldeman.' "

The right to cross-examine Dr. Citret did not arise until his report was admitted in evidence. The mere filing and serving of such report did not make it a part of the evidence in the case.

The entire basis of respondents' position herein is that the petitioners were required to anticipate that Dr. Citret's report would be offered and received in evidence at the hearing and that they (petitioners) should have done something to make the doctor available for cross-examination *immediately thereafter.*

The instant case and *Massachusetts, supra,* are indistin-

guishable except for one factual difference. There, one of the medical reports was served only one day before the hearing. Here, the period was five days but only three of these were working days. In our opinion, this is a difference without a distinction.

The law does not impose a waiver of a right unless there is a clear showing of relinquishment. (*Greninger* v. *Fischer*, 81 Cal.App.2d 549, 554 [184 P.2d 694]; *Roberson* v. *Industrial Acc. Com.*, 146 Cal.App.2d 627, 629 [304 P.2d 202].)

The order herein attacked is annulled and the proceeding remanded to the commission for further hearing.

Shoemaker, P. J., and Taylor, J., concurred.