[Civ. No. 8822. Third Dist. Nov. 1, 1955.]

JOSEPH B. VINCENT, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

680

Joseph C. Lavelle and Frances Newell for Petitioner.

Everett A. Corten, Daniel C. Murphy and Mento, Buchler & Littlefield for Respondents.

PEEK, J.—Petitioner seeks review and annulment of an order of the respondent commission awarding him benefits for permanent disability which the referee found to be equal to 26 per cent of total.

His first contention is that the commission did not follow the provisions of Labor Code, section 4660, subdivision (a), in determining his permanent disability rating; that is, it failed to consider the nature of the physical injury, the occupation of the injured employee and his age at the time of injury as regards his diminished ability to compete in an open labor market. His second contention is that the commission did not follow the schedule of percentage ratings adopted for spinal impairment resulting in permanent disability, which schedule provides as follows:

Slight .................... 30 per cent
Moderate ................ 50 per cent
Severe ................... 100 per cent

In support of his first contention he argues that the medical report demonstrated additional elements of disability which were not considered, such as taut hamstrings, traumatic arthritis, back pain, ache and fatigue of the limbs, defect in the reflexes and sensory changes, and that no consideration was given to the fact that he would be unable to continue his regular employment in manual labor.

The question presented here is quite similar to one which was before the court in *Liberty Mut. Ins. Co.* v. *In-*

*dustrial Acc. Com.*, 33 Cal.2d 89 [199 P.2d 302]. There it was held that the commission "is presumed to have made its decision on all of the evidence." (P. 92.) Here the medical evidence as well as petitioner's own testimony posed for determination all of the elements noted by petitioner. In the absence of any showing other than his own statement that the commission failed to consider such evidence, the rule noted in the case above cited must control. Furthermore here, as in that case, the petition for a rehearing before the commission made the same points and argument as are now made, and the petition was denied.

As the respondent commission comments in its answer, the determination referred to in subsection (a) of Labor Code, section 4660, will of necessity be arbitrary to a degree, and no one can determine with nicety exactly how much an injured employee should receive for the permanent loss, or loss of use, of a particular member of his body. This is illustrated by the provisions of section 4662 which provide that except as to certain enumerated cases, the determination and extent of permanent disability shall be determined by the commission "in accordance with the fact."

To assist the commission in this regard, and to maintain as much uniformity as possible, the Legislature has authorized it to adopt a schedule for the determination of percentages of permanent disability. (Lab. Code, § 4660, subd. (b).) It is therein provided that, "The commission may prepare, adopt and from time to time amend . . ." such a schedule and that it shall be "prima facie evidence" of the percentage of disability to be attributed to each injury covered by the schedule.

The use by the doctors of phrases such as "slight to moderate limitation of motion in low back," "considerable limitation of back motions," and "rather doubtful that he will return to manual labor," and the findings of the referee and conclusions of the commission that the percentage of permanent disability was less than the percentage allowed for "slight" impairment as shown in the schedule cannot be given the weight which petitioner would accord to such terms. In other words, if the permissive schedule adopted by the commission were to be followed literally, which is the effect of petitioner's argument, then any employee with an impaired spine could be rated only at 30, 50 or 100 per cent of total disability.

Here again as in the Liberty Mutual case the commission

was confronted with divergent views as to the extent of loss of function of petitioner's back, a difficult task under the most favorable circumstances. Necessarily, said the court at page 93, such a task "involves some measure of conjecture and compromise by the finder of fact as certainly would occur in the mental processes of a so-called expert witness." Thus when the commission is confronted with such divergent views "it may make a determination within the range of the evidence as to the degree of disability." Here two of the physicians expressed doubt that petitioner would return to manual labor although one believed he could perform some types of labor. These opinions appeared to be based not only upon his impaired spinal function, but also upon their opinion that petitioner had little incentive to return to manual labor and would rather seek other work as was suggested by their referral of him to the Vocational Rehabilitation Bureau.

The award is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.