[Civ. No. 18851.   First Dist., Div. Two.   Dec. 7, 1959.]

CAESAR'S RESTAURANT (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and EARL JOHNSON, Respondents.

R. P. Wisecarver for Petitioners.

Everett A. Corten, Emily B. Johnson and Charles P. Scully for Respondents.

STONE, J. pro tem.*—Caesar's Restaurant and Ocean Accident and Guarantee Corp., Ltd., petitioners herein, seek by this writ of review to have annulled the findings and award of respondent, Industrial Accident Commission, by which applicant-respondent, Earl Johnson, was awarded continuing temporary disability indemnity. Petitioners contend they were denied due process of law.

While employed as a cook by Caesar's Restaurant, on August 29, 1958, applicant struck his right elbow against a stack of dishes, causing a bursitis of the elbow tendon. He received medical treatment for the injury but worked until the restaurant was destroyed by fire, November 30th. On December 9th, he entered the hospital and the following day was operated upon for the removal of a chronically inflamed left olecranon bursa. The respondent carrier paid costs of

*Assigned by Chairman of Judicial Council.

medical and hospital treatment and compensation at the maximum rate until February 5, 1959. On that date, Johnson filed an application for adjustment of claim, asking for temporary disability, permanent disability, medical treatment and litigation expenses. A hearing was held on March 24, 1959, and two reports from Dr. Bonfilio, applicant's physician, were introduced. The last dated February 19, 1959, stated: "Mr. Johnson was returned to work on February 5, 1959. His arm is completely healed and there is no permanent disability." Johnson, however, testified that he was unable to work because "my elbow still feels funny." Petitioners offered to have the applicant examined by an independent doctor, but this offer was refused. The parties then agreed to an examination by a doctor on the commission's medical staff, to take place following the hearing. The record discloses that it was made later the same day by Dr. H. B. Packard. The hearing concluded with the following remarks and order:

"REFEREE: All right. I will continue the matter, gentlemen, and it will be ordered submitted either on the stipulation of the parties or on notice to all parties, is that clear?

"MR. WISECARVER: I beg pardon?

"REFEREE: (To the reporter) Would you read to Mr. Wisecarver my remarks just made, please?

(Remarks of Referee read as directed)

"MR. VAN BOURG: That's clear, Mr. Referee.

"REFEREE: Is that clear, Mr. Wisecarver?

"MR. WISECARVER: Yes. When it's submitted it will be submitted on notice to all parties, is that it?

"REFEREE: Or by stipulation of the parties. Whichever comes first. Is that clear now?

"MR. VAN BOURG: That's clear, Mr. Referee. Mr. Referee, will appointment be arranged with your Medical Bureau for Mr. Johnson?

"REFEREE: I don't know, counsel. All right. The matter is ordered submitted on the stipulation of the parties or on notice to all parties. Is that clear, Mr. Wisecarver?

"MR. WISECARVER: Yes."

Dr. Packard's report was served upon the parties March 28, 1959, and found that applicant's disability was not permanent and stationary; that applicant was able to do the work of a cook; that the paraesthesia, which he then suffered, would slowly improve and should eventually become nominal in degree. Dr. Packard recommended that applicant's condition be reevaluated in four to six months, and that no

further treatment would be necessary to cure or to relieve the effects of the injury. On March 28th, petitioners filed a letter from Dr. Bonfilio which, in part, stated: "Mr. Johnson has been on a nine weeks convalescent period during which time he has had ample return to a normal state of affairs. He has no scarring of the subcutaneous tissues to the facia tissues. There has been at no time any limitation of motion nor any complicating secondary infection. Mr. Johnson was told to return to work February 5, 1959."

Without stipulation or notice to parties, the referee, on April 7, 1959, served upon the parties a proposed permanent disability rating of 2.15 per cent ($3,440) recommended by the commission's rating specialist. On April 13th, petitioners objected to the proposed disability rating and stated: "Defendants demand the right to cross-examine the rating expert and to present rebuttal testimony."

On April 22, 1959, the referee, without serving any notice of submission of the case, and without any stipulation of submission by the parties, made and entered his findings and award. The findings were that the applicant had sustained an industrial injury; that he was not in need of further medical treatment; that the injury caused temporary total disability from January 9, 1958, continuing indefinitely, and that the employee's condition was not permanent. An award of continuing temporary disability was made but no permanent disability was awarded.

A timely petition for reconsideration was filed by petitioners and the referee recommended in a report to the commission that said petition be granted "as there appeared to be doubt in the record as to the Findings and Award." However, on June 1, 1959, the commission denied the petition, and petitioners proceeded with this petition for a writ of review.

Petitioners contend that there was a denial of due process of law in that the medical report of the commission doctor and the disability rating report were filed subsequent to the hearing, yet petitioners were given no opportunity to cross-examine the doctor or the rating expert, nor an opportunity to present rebuttal testimony. We agree with petitioners' contention. Labor Code, section 5704, provides as follows:

"*Service of transcripts of testimony and other matters added to record outside open hearing.* Transcripts of all testimony taken without notice and copies of all reports and other

matters added to the record, otherwise than during the course of an open hearing, shall be served upon the parties to the proceeding, and an opportunity shall be given to produce evidence in explanation or rebuttal thereof before decision is rendered.'' (Stats. 1937, c. 90, p. 299, § 5704, as amended Stats. 1951, c. 1003, p. 2637, § 1.)''

Since the report of the commission doctor and the disability rating recommendation were filed subsequent to the conclusion of the open hearing, the denial of petitioners' demand for the right to cross-examine the rating expert and to present rebuttal testimony was the denial of a right specifically conferred by Labor Code, section 5704. In the case of *Holmes Eureka Lbr. Co.* v. *Industrial Acc. Com.*, 41 Cal.App.2d 150 [106 P.2d 23], the court had under consideration a similar factual situation, in that the referee ordered the case held open 10 days, otherwise submitted. During the 10-day period, medical reports were filed. The commission made an award without affording the defendant an opportunity to cross-examine the doctors or submit rebuttal evidence. The court said at page 153:

''We are of the opinion the Industrial Accident Commission exceeded its jurisdiction in submitting and determining the claimant's petition for additional compensation based on medical reports filed subsequent to the 'open hearing' which reports were not referred to or used on that hearing and the contents of which the employer and the insurer had absolutely no knowledge or opportunity of explaining or rebutting by cross-examination of the affiants or otherwise. That was a violation of the constitutional right to due process. (*Walker Mining Co.* v. *Industrial Acc. Com.*, 35 Cal.App.2d 257, 262 [95 P.2d 188].)''

In the instant case the referee used the following language: ''All right. The matter is ordered submitted on stipulation of the parties or on notice to all parties.'' This language implied that counsel for the applicant, as well as counsel for the petitioners and for the respondent, were to have an opportunity to offer additional evidence or cross-examine the doctor, depending upon the nature of the doctor's report which was yet to be filed. Were the sense of the referee's order otherwise, he would simply have ordered the matter submitted upon the filing of the report of the commission doctor, and made no mention of a stipulation or notice to the parties as a condition for submission.

In *Massachusetts etc. Ins. Co.* v. *Industrial Acc. Com.*, 74 Cal.App.2d 911 [170 P.2d 36], a medical report was filed by

the applicant the day before the hearing and another during the hearing. Defendant requested an opportunity to produce rebuttal testimony and to cross-examine the two physicians who authored the reports. The request was refused, an award was made, and a petition for a writ of review was filed alleging a denial of due process of law. ▮ The court at page 913 said:

"In considering these contentions it should be borne in mind that the Industrial Accident Commission under the constitutional provision authorizing its creation exercises a portion of the judicial powers of the state and 'in legal effect is a court.' (*Bankers Indem. Ins. Co.* v. *Industrial Acc. Com.*, 4 Cal.2d 89, 97 [47 P.2d 719]; *Lyydikainen* v. *Industrial Acc. Com.*, 36 Cal.App.2d 298, 304 [97 P.2d 993].) Even if regarded as a purely administrative agency, however, in exercising adjudicatory functions the commission is bound by the due process clause of the Fourteenth Amendment to the United States Constitution to give the parties before it a fair and open hearing. 'The right to such a hearing is one of "the rudiments of fair play" (citation) assured to every litigant by the Fourteenth Amendment as a minimal requirement.' (Citations.)

"The reasonable opportunity to meet and rebut the evidence produced by his opponent is generally recognized as one of the essentials of these minimal requirements (citations), and the right of cross-examination has frequently been referred to as another [citations]."

▮ Respondent contends that, since no permanent disability rating was made, the denial of petitioners' right to cross-examine the rating expert and to present rebuttal testimony was harmless. Respondent overlooks the award of continuing temporary disability requiring the petitioner to pay compensation for an indefinite period in the future. It is impossible to say whether or not the commission was influenced by the report of the rating expert in making this determination, or whether cross-examination of the rating expert might have had a bearing upon such finding. ▮ Nor do we agree with respondents' contention that the petitioners' request, "Defendants demand the right to cross-examine the rating expert and to present rebuttal testimony," is to be construed as limiting their request to rebuttal testimony only as to the report of the rating expert. The report of the commission doctor had been submitted subsequent to the hearing, and it is only reasonable that the words "and to

present rebuttal testimony'' related to the doctor's report as well as to the findings of the rating expert. We are supported in this interpretation of the nature of petitioner's demand to present rebuttal testimony by *Roberson* v. *Industrial Acc. Com.*, 146 Cal.App.2d 627 [304 P.2d 202], wherein the court was considering the waiver of a petitioner's right to cross-examine a rating expert. **[5, 6]** The court held at page 629:

" 'A waiver of a right cannot be established without a clear showing of an intent to relinquish such right, and doubtful cases will be decided against a waiver' (*Greninger* v. *Fischer*, 81 Cal.App.2d 549, 554 [184 P.2d 694]); nor will a waiver be presumed or implied contrary to the intention of a party whose rights would be injuriously affected, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended (*Craig* v. *White*, 187 Cal. 489, 498 [202 P. 648])."

We also believe our interpretation receives support from the record. Petitioners herein, upon being notified that the matter had been submitted without stipulation of counsel or without notice to the parties, filed a petition for reconsideration. The referee in his ''Report of Referee on Petition for Reconsideration'' stated: ''This Referee recommends the Petition for Reconsideration be granted. There appears to be some doubt in the record as to the present Findings and Award of the Commission.''

The award is annulled.

Dooling, Acting P. J., and Draper, J., concurred.