[S. F. No. 20876. In Bank. Dec. 22, 1961.]

INDUSTRIAL INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LEWIS A. HICKS, Respondents.

Edward C. Donlon & John N. Connell for Petitioner.

Everett A. Corten and Emily B. Johnson for Respondents.

TRAYNOR, J.—Lewis A. Hicks sustained a back injury in the course of his employment as a crane operator. Industrial Indemnity Company, hereinafter referred to as Industrial, voluntarily furnished medical care and temporary compensation. After substantial treatment Hicks returned to work for his former employer, where he is able to do some, but not all, of the work to which he was assigned before his injury. He suffers from a disability of his left leg and is unable to use it extensively. He is able to operate cranes requiring the use of only one foot for braking (gantry cranes), but is not able to operate other cranes requiring the use of both feet for braking (steam or diesel cranes). The record contains no competent evidence establishing with which of these machines Hicks was predominantly occupied prior to his injury. Hicks has considered the possibility of surgery, but has refused it because of medical advice that his chances of improvement are not great.

Upon his request for compensation he was examined orally before a commission referee. Medical reports were also intro-

duced. It was agreed that his occupation was that of "operating engineer," a classification that was included in the commission's list of employment categories at that time. That category has recently been eliminated because of its ambiguity. From the evidence introduced, the referee formulated a statement of disability factors and instructed the commission's Permanent Disability Rating Bureau to rate the disability. The referee instructed the bureau to rate Hicks as an operating engineer. The bureau rated the disability as stated at 50 per cent. The referee summarized the oral evidence in his report to the commission. A further hearing was held for cross-examination of the rating expert, who testified that in rating the disability he had used occupational group 47 (heavy equipment operator) rather than group 50 (gantry crane operator) or group 22 (operating engineer). His reason for substituting group 47 was that he had seen the case file and had thought that Hicks was a heavy equipment operator. The expert also testified that if he had used group 50 or group 22 the recommended rating would have been 46½ per cent rather than 50 per cent.

After this hearing, the referee summarized the rating expert's testimony and included this statement: "It was stipulated Applicant was an operating engineer. No evidence has been submitted which would warrant a change of the occupational designation." Nevertheless, the referee adopted the 50 per cent figure, which was based upon the rating expert's classification of Hicks as a "heavy equipment operator." The referee then issued his findings and award on June 6, 1961, awarding Hicks a total compensation of $10,500.

Industrial's petition for reconsideration, based upon the alleged error in the classification of Hicks' employment, was granted. Without a hearing Panel One of the commission formulated a new statement of disability that was rated by the rating bureau at 69 per cent. This rating was also based upon the allegedly erroneous employment classification, and was formulated on the basis of the medical reports introduced at the first hearing. Inasmuch as no transcript of Hicks' testimony, or of that of the rating expert, was prepared, no member of the deciding panel was familiar with their testimony except as it was summarized by the referee and referred to in the memoranda and arguments of the parties. The commission adopted the 69 per cent disability rating in its findings and award of August 21, 1961.

Industrial contends that the commission acted unlawfully in rejecting the disability statement prepared by the referee without examining Hicks' testimony. We rejected this contention in *Allied Compensation Insurance Co.* v. *Industrial Acc. Com., ante*, p. 115 [17 Cal.Rptr. 817, 367 P.2d 409]. Here, as there, "The written evidence together with the referee's summary of applicant's testimony were ample to provide a complete and full understanding of the record." We have, however, concluded that the decision of the commission should be reversed on other grounds.

Although the commission was not bound to rate Hicks as an operating engineer, it was improper to apply a different classification without providing an opportunity for the presentation of evidence as to the proper classification. Such a procedure is even more important where, as here, the commission did not originate the change in classification, but allowed the rating expert to go beyond the statement submitted for rating and substitute a different classification. (*Cf. Caesar's Restaurant* v. *Industrial Acc. Com.*, 175 Cal.App.2d 850, 853 [1 Cal.Rptr. 97].) Industrial now suggests that Hicks was employed principally as a gantry crane operator, if not as an operating engineer. The commission's conclusion that there is sufficient evidence in the record to support its finding after reconsideration that Hicks was a heavy equipment operator is in error. Further evidence should be taken to resolve the question of his actual occupation prior to the injury.

Industrial made a timely motion for a hearing for this purpose. The rating bureau's recommendation was served by mail on July 21, 1961, and included a statement that the case would be submitted for decision if no objection were made within seven days. Industrial made such objection and requested a hearing on Hicks' occupation by mail on July 31. The commission's use of the mails for service of the recommended rating extended the seven-day period one day. (Code Civ. Proc., § 1013.) The eighth day fell on a Saturday, extending the period to Monday. (Code Civ. Proc., §§ 12a, 10.) Industrial mailed its request on Monday, and it was effective when deposited in the mails. (Code Civ. Proc., § 1013.) It was thus made within the time permitted.

The award is reversed and the case remanded for further proceedings consistent with this opinion.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.