[L. A. No. 28323.   In Bank.   June 28, 1965.]

DEWEY PENCE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, DEL E. WEBB CORPORATION et al., Respondents.

Byhower, Longley & Vaughan, C. M. Longley and Nicholas C. Byhower for Petitioner.

Everett A. Corten, Edward A. Sarkisian, David Marmor and John F. Holzer for Respondents.

PETERS, J.—The question presented in this proceeding is whether petitioner Pence was unduly restricted in the production of rebuttal testimony at the hearing held to challenge the recommendations of the commission's rating expert. We are of the opinion that Pence was so restricted. For that reason the award must be annulled and the matter remanded to the commission for further proceedings.

On August 15, 1963, Pence, while working as a cement finisher in Pasadena for Del E. Webb Corporation, suffered an industrial injury that caused him to leave his work. At that time he was 64 years old. The commission, on May 11, 1964, held a hearing pursuant to Pence's application for a temporary and permanent disability award. Pence testified about the facts surrounding the injury, and further testified that as a result of the injury he is unable to work in very warm climates and that, although he presently is employed, he has been forced to reject offers of employment in areas away from the coast. Pence also introduced medical testimony. Cyprus Insurance Company, the construction firm's insurer, had presented medical exhibits prior to the hearing. At the termination of the hearing, the referee allowed the insurance company 20 days to file additional medical reports, and the matter was otherwise submitted with the discretion to refer the case to the Permanent Rating Bureau.

The referee did request a rating from the bureau pursuant to the following instructions:

"Cement finisher

"Please rate on the following factors of disability:

"Disability from heat exhaustion and myocardial insufficiency. Applicant should avoid high temperatures or extreme sunshine. In his usual work, applicant must rest 5 minutes every hour."

The bureau recommended a rating of 9½ per cent disability, and the report was served on the parties with the notice that the report had been received in evidence and that the case would be submitted for decision in seven days unless good cause to the contrary was shown. Both sides requested an additional hearing, and the requests were granted. The commission's notice of the hearing stated that its purpose was to "Cross examine Mr. Yee [the rating expert] & Rebuttal."

At the hearing, Mr. Yee testified that he classified Pence's

disability as a heart condition, and that this was a non-scheduled rating. He further testified that he assigned a 5 per cent disability based on the referee's instructions and raised it to 9½ per cent by the mechanical application of a formula which takes into account age and occupation. However, he did not consider to what extent employees in that industry are required to work in high temperatures or extreme sunshine. He did consider Pence's work to be "very arduous."

In rebuttal, the insurance company sought to introduce a further medical report, but this was properly refused by the referee on the ground that it was beyond the scope of proper rebuttal. Pence also attempted to introduce a witness in rebuttal for the purpose of showing the diminished ability of Pence to compete on the open labor market,[1] taking into account Pence's inability to work in areas of high temperature or extreme sunshine. This testimony was also refused by the referee, who assigned the same reason as was given for the previous rejection, improper rebuttal.

The referee filed his findings of fact and awarded Pence $1,995 based upon a permanent disability rating of 9½ per cent. Both parties sought reconsideration. In Pence's petition he indicated that the witness he sought to introduce was his union's business agent, that the witness would have testified that Pence's condition normally would render him unemployable and that the only reason that Pence has obtained work is the present high level of employment prevailing in the construction industry. Both petitions were denied. Pence sought this writ of review.

It is urged that the commission's refusal to permit the rebuttal testimony of the union business agent was error. With this contention we agree. The law is clear that undue infringement of the right to cross-examination (*Walker Min. Co.* v. *Industrial Acc. Com.*, 35 Cal.App.2d 257 [95 P.2d 188]; *Holmes Eureka Lbr. Co.* v. *Industrial Acc. Com.*, 41 Cal.App.2d 150 [106 P.2d 23]; *Langendorf etc. Bakeries, Inc.* v. *Industrial Acc. Com.*, 87 Cal.App.2d 103 [195 P.2d 887]; *Argonaut Ins. Exchange* v. *Industrial Acc. Com.*, 120 Cal.App.2d 145 [260 P.2d 817]) as well as improper restric-

---

[1]The criteria for the determination of the percentage of permanent disability are: "the nature of the physical injury or disfigurement, the occupation of the injured employee, and his age at the time of such injury, consideration being given to *the diminished ability of such injured employee to compete in an open labor market.*" (Italics added.) (Lab. Code, § 4660, subd. (a).)

tions on the right to present evidence in rebuttal (*Massachusetts etc. Ins. Co.* v. *Industrial Acc. Com.*, 74 Cal.App.2d 911 [170 P.2d 36]; *Columbia etc. Steel Div.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 862 [253 P.2d 45]; *Caesar's Restaurant* v. *Industrial Acc. Com.*, 175 Cal.App.2d 850 [1 Cal.Rptr. 97]) is a deprivation of the constitutional guaranty of due process of law. In recognition of that constitutional right, Labor Code section 5704 and the commission's own rule were promulgated.[2] Labor Code section 5704 provides: "[C]opies of all reports and other matters added to the record, otherwise than during the course of an open hearing, shall be served upon the parties to the proceeding, and an opportunity shall be given to produce evidence in explanation or rebuttal thereof before decision is rendered."

The commission relies upon *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115 [17 Cal.Rptr. 817, 367 P.2d 409]. In that case, the insurance company attempted to introduce additional medical reports at the hearing set for the cross-examination and rebuttal of the rating expert. These were not admitted because the expert only rates according to the instructions of the referee. Hence, the cross-examination and rebuttal must be limited to the rating based upon the referee's instructions. In other words, the instructions of the referee cannot be attacked at the subsequent hearing.

In the instant case, however, Pence concedes that the referee's instructions were proper. Pence contends that, based on these instructions, the expert's rating was improper, and that this would have been demonstrated by the rebuttal witness. Thus, the rule of *Allied* has no application to the case at bar.

More closely in point is *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 123 [17 Cal.Rptr. 821, 367 P.2d 413]. There, the rating expert did not follow the referee's instructions as to the applicant's job category. The refusal to permit rebuttal evidence was held to be error. In the instant case, the rating expert did not rate, although so instructed, on the effect of Pence's inability to work in areas of high temperature or extreme sunshine. Rebuttal testimony should

---

[2]"Transcripts of testimony taken and copies of reports of investigation or examination made without notice shall be served upon all parties in interest. Unless it is otherwise expressly provided, the parties shall be allowed 10 days after service of such testimony and reports within which to produce evidence in explanation or rebuttal or to request further proceedings, before the case shall be deemed submitted for decision." (Cal. Admin. Code, tit. 8, § 10771.)

have been permitted to allow Pence to establish what a proper rating would have been under all of the referee's instructions.

The award is annulled, and the matter remanded to the Industrial Accident Commission for further proceedings.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.