[Civ. No. 31389.   Second Dist., Div. Three.   July 5, 1967.]

THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Petitioner, v. THE WORKMEN'S COMPENSATION APPEALS BOARD and HUGO W. RATZEL, Respondents.

Clopton & Penny and Robert A. Kegel for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Nathan Mudge for Respondents.

McCOY, J. pro tem.*—This petition seeks review and annulment of an award of workmen's compensation benefits

*Assigned by the Chairman of the Judicial Council.

to Hugo W. Ratzel for permanent disability rated at 14½ percent.

Petitioner, the compensation insurance carrier, contends that the referee included in his instructions to the Permanent Disability Rating Bureau a factor of disability which has no support in the evidence and, therefore, the rating of the percentage of disability as recommended by the rating expert at 14½ percent is inappropriate. The appeals board, conceding at the oral argument that the record contains no support for the questioned factor of disability, contends nevertheless that the award must be sustained. It points to medical evidence in the record which may support other factors of disability and asserts that this evidence is sufficient to support the ultimate finding that the applicant sustained 14½ percent permanent disability. We find this contention untenable. We conclude that the rating cannot stand and the award must be annulled. Our reasons for rejecting the contention of the appeals board can best be considered hereafter in the light of the record, statutory provisions, case law and established procedures.

The applicant, born January 24, 1910, was employed as a steel fitter by Standard Steel Corporation. His work consisted of assembling large metal parts. On July 17, 1964, he sustained industrial injury to his back, hip, and right leg. Petitioner provided medical treatment. On August 3, 1965, an award issued for medicolegal costs only. Pertinent findings were that applicant sustained no temporary disability as the result of the injury and that his condition was not yet permanent and stationary.

A supplemental hearing on the issue of permanent disability was had on May 16, 1966. Applicant testified: "The front of my leg is still numb, I still have a pain in my heel whenever I put a shoe on or bump it or anything, and getting up and down ladders and climbing stairs, sometimes my leg will give out on me." He also testified that the pain in his heel was a sharp pain, that his back was "all right," and that he had no other complaints. The reports of medical examiners introduced on the issue of permanent disability reflect that on and after January 22, 1965, the subjective complaints of the applicant were limited to the factors of disability to which he testified. For present purposes we shall assume, without deciding, that they contain evidence of objective factors of disability as contended by the appeals board.

The referee erroneously summarized the applicant's testimony of numbness in the front of his leg as "pain down to the back of his right leg" and carried this error over into his instructions on June 8, 1966, to the Permanent Disability Rating Bureau. The instructions stated: "Please rate for constant slight pain running down back of right leg, with tenderness of right heel causing brief moderate pain upon bumping or pressure; Plus occasional unsteadiness of right lower extremity." The report of the rating specialist recommended a rating of 10 percent, adjusted for age and occupation to 14½ percent, amounting to 58 weeks of disability payments at the rate of $52.50 a week in the total sum of $3.045. The award issued accordingly on August 17, 1966.

Through inadvertence the referee's instructions and the recommended rating were not served on the petitioner until after the award issued. Petitioner requested reconsideration on two grounds: (1) that it had had no opportunity to cross-examine the rating specialist; and (2) that there was no evidence in either the medical reports or in the applicant's testimony of "constant slight pain running down back of right leg." The appeals board granted reconsideration and directed that the case be returned to the trial calendar for cross-examination of the permanent disability rating specialist only.

On November 17, 1966, the rating specialist testified on cross-examination to the following effect: His rating was a judgment rating; in his judgment the factors described by the referee should be rated by using the 10 percent standard rating for impairment of function of the leg and modifying it for occupation and age; the factor of "constant slight pain running down the back of right leg" was the principal factor of disability and if it were deleted, the rating would be lower; if "numbness in the front part of the lower right leg from the knee to the ankle" were substituted for that factor, the rating would be 3 percent standard, modified for age and occupation at 5 percent. Petitioner's counsel, referring to the petition for reconsideration and urging that the evidence showed no such disability, made a motion that the matter be sent back to the bureau for a rating based upon new instructions deleting the phrase referring to "constant slight pain" or that disability be rerated at 5 percent. Upon denial of the motion, he requested a copy of the referee's summary of the applicant's testimony and a few days later ordered a tran-

script. The record does not show when the transcript was prepared; it shows only that it was certified by the reporter on December 29, 1966. It was received by petitioner on January 3, 1967.

Apparently without examining the transcript of the applicant's testimony, the appeals board on December 12, 1966, issued its order and opinion after reconsideration. It reinstated the award as originally issued, expressly stating: ''The Board has considered the entire record, as supplemented by the testimony of the Rating Specialist at the hearing of November 17, 1966, and finds therefrom that the factors of permanent disability attributable to the injury herein are as set forth in the request for recommended permanent disability rating of June 8, 1966, and that the extent of permanent disability attributable to said injury is as reported therein.''

An employee who sustains permanent disability as a result of industrial injury is entitled to four weeks of compensation payments for each one percent of permanent disability. (Lab. Code, §§ 4658, 4659.) Thus, the rating of the percentage directly affects the total amount of an award. ■ The criteria for the determination of the percentage of permanent disability are: the nature of the physical injury or disfigurement, the occupation of the injured employee, and his age at the time of such injury, consideration being given to the diminished ability of an injured employee to compete in an open labor market. (Lab. Code, § 4660, subd. (a).) It is the province of the appeals board, as the trier of fact, to resolve finally any conflicts in the evidence on these underlying issues. (*Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.*, 33 Cal.2d 89, 93-94 [199 P.2d 302] ; see, *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 123, 126 [17 Cal.Rptr. 821, 367 P.2d 413].) ■ Instructions to the rating bureau are, in effect, findings of fact on these issues (see *Pence* v. *Industrial Acc. Com.*, 63 Cal.2d 48, 49 [45 Cal.Rptr. 12, 403 P.2d 140]) unless or until superseded by later findings (see *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115, 118 [17 Cal.Rptr. 817, 367 P.2d 409]).

■ The Legislature has given the agency authority to prepare, adopt and from time to time amend a schedule for the determination of the percentage of permanent disabilities in accordance with the prescribed criteria and it has provided that, without formal introduction in evidence, the schedule as adopted is prima facie evidence of the percentage of perma-

nent disability to be attributed to a particular disability. (Lab. Code, § 4660, subd. (b).) Because of the multiple factors which often result from injury, many cases require a "judgment" rating, i.e., some degree of individual evaluation in applying the schedule to disabilities not precisely described therein. The Permanent Disability Rating Bureau is comprised of specialists who evaluate and recommend ratings. "The reports of permanent disability rating specialists shall be deemed to constitute evidence only as to the relation between the disability described and the percentage of permanent disability. Such reports shall not be deemed to constitute evidence as to the existence of the disability described." (Cal.Admin. Code, tit. 8, § 10602.)

The early practice of the agency of obtaining and using confidential recommendations of the rating bureau has been disapproved. (*Young* v. *Industrial Acc. Com.*, 38 Cal.App.2d 250, 257 [100 P.2d 1062].) In the cited case two justices in the concurring opinion stated (p. 257) : "The commission, as trier of the fact, has no legal right to predicate its award upon the opinion of its own or any other expert, when such opinion does not appear in the record. . . . Confidential, secret opinions should play no part in the making of any award."

█ It is now established that the instructions to the rating bureau setting forth the factors of disability and the recommended rating must be served on the parties. (*Caesar's Restaurant* v. *Industrial Acc. Com.*, 175 Cal.App.2d 850, 853-854 [1 Cal.Rptr. 97].)

Service of the instructions on the parties informs them of the exact criteria which are to be considered in rating the percentage of disability in a particular case, i.e., age, occupation and disability. It has been suggested that if a party feels that the factfinder has improperly described the factors of permanent disability, either by including factors not related to the injury or by omitting factors that the party feels should have been included, then he may do one of two things: "(1) He may address a letter to the factfinder and serve a copy on the opposing party indicating in what specific way he feels the description is not correct and requesting that the matter be referred again to the rating specialist with amended instructions; (2) He may file a motion to strike the recommended rating, with service on the opposing parties. The motion should clearly indicate the party's precise disagree-

ment with the factfinder's instructions.'' (Cal. Workmen's Comp. Practice (1963 Cont. Ed. Bar) p. 555.)

██ If a party's objection is not to the statement of age, occupation or disability but only to the percentage rating itself, his recourse is to cross-examine the rating expert and to offer rebuttal evidence to show that the recommended rating is not appropriate, e.g., that the specialist has not taken into consideration all of the factors set forth in the instructions (*Pence* v. *Industrial Acc. Com.*, 63 Cal.2d 48 [45 Cal.Rptr. 12, 403 P.2d 140]), has used an occupational classification other than that found by the trier of fact (*Industrial Indem. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 123 [17 Cal.Rptr. 821, 367 P.2d 413]), or has applied an inappropriate standard schedule to the specified factors of disability (*Young* v. *Industrial Acc. Com.*, 38 Cal.App.2d 250 [100 P.2d 1062]). At a hearing for such purpose it is normally too late to present evidence bearing on the employee's disability or occupation. (*Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115, 121, 122 [17 Cal.Rptr. 817, 367 P.2d 409].)

██ Inasmuch as the rating specialist must consider no more and no less than the information provided to him by the factfinder, his recommended rating carries no weight if the factors of age, occupation or disability are subsequently altered.

In the present instance the only reasonable conclusion to be drawn from the record is that the 14½ percent permanent disability rating was recommended and adopted as a rating of the factors described in the referee's instructions to the rating bureau. There is nothing whatever in the record to indicate that either the referee or the appeals board ever considered the question of whether the evidence was sufficient to support the instructions. In fact, the referee suggested in his report on reconsideration that if reconsideration were granted to permit cross-examination of the rating expert, it would be unnecessary for the board at that time to consider the point. This question should have been decided first. Where the instructions are not supported by the evidence, the granting of reconsideration solely for cross-examination of the rating specialist serves no purpose other than to delay the matter.

The contention of the appeals board asks the court to assume in support of the award that upon reconsideration the board rejected the referee's statement of disability, found a

different combination of disabilities which it did not identify, and then in the exercise of its discretion made a percentage rating in accordance with the facts as it found them. We reject this contention as wholly unreasonable. We cannot make such an assumption in the face of the express statement of the appeals board that it found disability exactly as described in the referee's instructions. Even if the record left us in doubt as to the actions or intentions of the board, we could not make such an assumption. The nature of the applicant's disability is one issue, the percentage of disability is another, the determination of the latter being in large part dependent upon the determination of the former. ▇ While the appeals board on reconsideration is not bound to accept the findings of the referee, we think it may not rely on secret findings of the probative facts upon which the determination of the rating depends. To uphold such a procedure would be to deny to the parties an opportunity to check either the sufficiency of the evidence or the propriety of the rating. (Cf. *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115, 121 [17 Cal.Rptr. 817, 367 P.2d 409], in which appeals board actions were upheld when on reconsideration it prepared new instructions, obtained recommendation of rating expert, served instructions and rating report, and allowed cross-examination and rebuttal evidence to test the accuracy of rating.)

In support of its contention the appeals board recites general statements culled from the cases to the effect that the determination of a percentage of disability is a question of fact left to the *sound* discretion of the appeals board (*W. P. Fuller & Co.* v. *Industrial Acc. Com.*, 211 Cal.App.2d 9, 17 [27 Cal.Rptr. 401]) if there is any evidence *to justify* its finding (*County of Los Angeles* v. *Industrial Acc. Com.*, 14 Cal.App.2d 134, 136 [57 P.2d 1341]; *Ford Motor Co.* v. *Industrial Acc. Com.*, 202 Cal. 459, 463-464 [261 P. 466]) and that any rating will of necessity be arbitrary *to a degree* (*Vincent* v. *Industrial Acc. Com.*, 136 Cal.App.2d 679, 681 [289 P.2d 246]). The significance of these propositions lies in the words which we have written in italics. ▇ It is obvious that it is impossible to determine whether a rating was made in the exercise of a sound discretion or was strictly arbitrary when the particular disability or combination of disabilities sustained by the applicant as a result of the industrial injury is not established. For all practical purposes, to

uphold an award based solely on an ultimate finding of the percentage of disability would be to foreclose all review. The scope of our review is limited (Lab. Code, §§ 5952, 5953) but within those limits it is not to be denied.

In *Hines* v. *Industrial Acc. Com.*, 215 Cal. 177 [8 P.2d 1021], upon review of the evidence the court concluded that it compelled a finding that the applicant sustained a particular disability in addition to those which had been found and rated. It said (p. 188) : ''As this disability was not included in the permanent disability rating, the award to that extent is not sufficient. The determination of the percentage of this disability is, of course, left to the sound discretion of the Commission to be exercised in view of all the circumstances.''

In the present case the rating of 14½ percent resulted from a series of errors and omissions. All of the evidence without contradiction is to the effect that the applicant has diminished sensation in the front part of his right leg rather than constant slight pain down the back of it. As a result of error, one factor of disability was included in the rating when it should not have been and another was not included when it should have been. We cannot say what the correct percentage of disability is. That question is for the appeals board subject to the parties' established right to cross-examine and offer rebuttal evidence to test the accuracy of any rating proposed.

The award is annulled and the matter is remanded to the appeals board for further proceedings.

Ford, P. J., and Moss, J., concurred.