[Civ. No. 37409. Second Dist., Div. Four. July 12, 1971.]

JOHN FORREST FRANKLIN, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
SUES, YOUNG AND BROWN, INC., et al., Respondents.

**COUNSEL**

Lindholm & Johnson, Wax & Appell and Harold W. Wax for Petitioner.

Rupert A. Pedrin, Gabriel L. Sipos, McLaughlin, Evans, Dalbey & Cumming and William Blair Dalbey for Respondents.

**OPINION**

**KINGSLEY, J.**—Petitioner, born in 1922, injured his back on December 28, 1957, in the course of his employment as sales manager for respondent

Sues, Young and Brown, Inc. Temporary disability was furnished for the maximum of 240 weeks. He has had extensive medical treatment, including five spinal surgeries. On October 20, 1969, the referee issued an award for 100 percent permanent disability. On December 5, 1969, the appeals board granted a reconsideration and directed that petitioner be examined by an independent medical examiner. Purportedly on the basis of that report, the board directed the rating bureau to rate for back disability limiting petitioner to "semi-sedentary" work and use of a back brace. After subsequent cross-examination of the independent medical examiner and the rating specialist, the board amended its instructions to call for a rating for back disability limiting petitioner to "sedentary work" and use of a back brace. That instruction produced a rating of 70 percent disability which, adjusted for petitioner's age and occupation, resulted in an award of 60 percent. Petitioner's petition for reconsideration was denied and he petitioned this court for annulment. We grant the relief requested.

In this court, petitioner contends: (1) that the evidence, including the testimony and opinion of the independent medical examiner, compels a finding of 100 percent disability or, in any event, compels a finding exceeding the restriction to sedentary work with a back brace; and (2) that the board exceeded its jurisdiction in granting a reconsideration where all of the evidence before the referee supported his finding of a 100 percent disability, so that the sole purpose of reopening was to secure new evidence favorable to the employer and its carrier.

I

It is well settled that the board, if it relies at all on the report and testimony of a medical examiner must give full weight to *all* of the findings of that doctor, and may not omit a factor of disability described by him. (*Luchini* v. *Workmen's Comp. App. Bd.* (1970) 7 Cal.App.3d 141, 145 [86 Cal.Rptr. 453]; *Mann* v. *Workmen's Comp. App. Bd.* (1968) 265 Cal.App.2d 333, 339 [71 Cal.Rptr. 237]; *Fidelity & Cas. Co.* v. *Workmen's Comp. App. Bd.* (1967) 252 Cal.App.2d 327 [60 Cal.Rptr. 442].) An award which ignores such factors lacks substantial evidence to support it. (*LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627 [83 Cal.Rptr. 208, 463 P.2d 432].)

In the case at bench, Dr. Sperling, the independent medical examiner, reported that, because of the subjective symptoms of pain, petitioner could not work for more than an hour at a time or function at all after 3 p.m., and he was dependent on Percodan for relief from pain. The board's description of the factors of disability in its instructions to the rating bureau constitutes, in effect, findings of fact as to the nature and extent of the disability. (*Hegglin* v. *Workmen's Comp. App. Bd.* (1971)

4 Cal.3d 162, 169 [93 Cal.Rptr. 15, 480 P.2d 967].) ▆▆▆ The description of petitioner's condition only in terms of "semi-sedentary work requiring the use of chairback type brace" was an inadequate ·and incomplete description, ignoring other facts which were shown by the evidence. It follows that the award violates the rules above set forth and cannot stand.

## II

▆▆▆ Relying on *Michon* v. *Workmen's Comp. App. Bd.* (1971) 15 Cal. App.3d 917 [93 Cal.Rptr. 476], petitioner contends that the board erred in reopening the case since, he contends, the evidence before the referee supported only a finding of 100 percent disability. But in *Michon* there was the uncontradicted testimony of a single doctor; here there is a conflict, since some of Dr. Pleasant's opinion could be regarded as supporting an inference that the disability was less than 100 percent. On such a record, we cannot say that the board abused the power given to it by section 5703.5 of the Labor Code.

The award is annulled; the case is remanded to the board for further proceedings consistent with this opinion.

Files, P. J., and Jefferson, J., concurred.