[Civ. No. 29838. First Dist., Div. Two. Dec. 20, 1971.]

DUIEL FRIERSON, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
UNITED AIRLINES, INC., et al., Respondents.

**COUNSEL**

Matthew M. Fishgold for Petitioner.

Rupert A. Pedrin and Marcel L. Gunther for Respondents.

**OPINION**

**TAYLOR, P. J.**—This is a petition for a writ of review and annulment of an order of the WCAB denying reconsideration of its previous order of award. Petitioner was a 45-year-old janitor employed by United Airlines, who sustained injury to his back on May 20, 1965, when he leaned over to pick up a towel. He received temporary disability at various times through May 4, 1969, and was afforded medical treatment, including two laminectomies, one in September 1967 and the second in November 1968. He then applied for a permanent disability award. Because of the conflicting medical reports admitted into evidence at the hearing to determine the extent of permanent disability, the referee referred petitioner to the medical bureau for an independent medical examination.

Petitioner was examined by Dr. Phillips Johnson, who reported on November 17, 1970, as follows: "Disability exists in the back as a result of the injury on 5-20-65 and is considered to be stationary and permanent for rating purposes. The factors are: 1. Restricted back motion. 2. Necessity for a reinforced lumbosacral support. 3. The necessity for daily analgesic medication. 4. The subjective complaint of almost constant low back

and leg pain is felt to be slight in degree, increased by strenuous activity to a degree such as to preclude the applicant from heavy work.

"Provision should be made for the maintenance and replacement of the support as necessary and a supply of the prescribed medication."

On November 19, 1970, the referee issued the following instruction to the rating bureau: "*Rate for disability to the back precluding performance of heavy work.*" (Italics added.) Based on this instruction, the rating specialist then submitted the recommended rating of 32 percent. After copies of the doctor's report and the recommended rating were served on petitioner, he exercised his right to cross-examine the medical examiner and the rating specialist.[1] The rating specialist testified that he considered *only the rating instruction* in making the rating.

■ Petitioner relying on *Hegglin* v. *Workmen's Comp. App. Bd.,* 4 Cal.3d 162 [93 Cal.Rptr. 15, 480 P.2d 967], contends that the referee in giving the instruction to the rating bureau should have included all of the factors listed in Dr. Johnson's report[2] and that failure to do so resulted in an inadequate award. It is the board's position that the summary instruction "Rate for disability to the back precluding performance of heavy work" encompasses all the factors listed by the doctor and that the more complete enumeration would not have altered the recommended rating.

We think that the referee's summary description of the disability in his instruction to the rating bureau was not adequate and did not comply with the board's own rules. As our Supreme Court stated in *Hegglin,* at page 172: "Section 10904 of title 8 of the California Administrative Code states: 'The Permanent Disability Rating Bureau may be requested by the Appeals Board or a refereee to prepare formal recommended ratings on a form fur-

---

[1]The board argues that when petitioner received a copy of the recommended rating, he should have: 1) addressed a letter to the referee requesting that the matter be referred again to the rating specialist with *amended* instructions, or 2) filed a motion to strike the recommended rating. We agree with the board that petitioner might well have followed these suggested procedures (*Fidelity & Cas. Co.* v. *Workmen's Comp. App. Bd.,* 252 Cal.App.2d 327, 332 [60 Cal.Rptr. 442]) in order to avoid unnecessary delay (Cal. Workmen's Compensation Practice (Cont. Ed. Bar 1963) pp. 555-556); however, the board's own rule (rule 10904, tit. 8, Cal. Admin. Code) requires only that "written objection" be made within seven days after service of the formal recommended rating. This requirement was complied with when petitioner made his request to cross-examine the medical examiner and the rating specialist.

[2]The board also contends that petitioner is arguing issues not raised in his petition for reconsideration. If a petitioner fails to raise an issue upon reconsideration, he may not raise the matter for the first time on writ of review (Lab. Code, § 5904: *Cedillo* v. *Workmen's Comp. App. Bd.,* 5 Cal.3d 450, 456 [96 Cal.Rptr. 471, 487 P.2d 1039]). However, an examination of the petition for reconsideration shows that petitioner did raise the argument that the rating specialist did not rate *all* of the factors of disability found in Dr. Johnson's report.

nished by the Administrative Director for that purpose. The person making the request shall *describe the disability in full* on the face of the request.' (Italics added.) *If the Board does not set forth all factors of disability, the recommended rating cannot be a proper rating for the case.* Furthermore, the failure to set forth all factors of disability forecloses proper judicial review in much the same manner as does reliance on secret findings of fact. (See *Fidelity & Cas. Co.* v. *Workmen's Comp. App. Bd.,* *supra,* 252 Cal.App.2d 327, 334.) Assuming that the Board may not be required in all cases to obtain a recommended rating from the rating bureau (*City of Los Angeles* v. *Industrial Accident Commission* [*Pendergraph*] (1965) 30 Cal.Comp.Cases 230; *California Casualty Indemnity Exchange* v. *Industrial Accident Commission* [*Peak*] (1948) 13 Cal.Comp. Cases 258), we nevertheless hold that if the Board *does* obtain a recommended rating, *it must follow its own rules and set forth in its instructions to the rating bureau a full description of every factor of the applicant's disability.* (See *Subsequent Injuries Fund* v. *Industrial Acc. Com.* [*Rogers*] (1964) 226 Cal.App.2d 136, 152 [37 Cal.Rptr. 844].)" (Italics partially added.)

Because cross-examination of the rating specialist must be limited to the rating based on the referee's instructions and the factors of disability stated by the referee in his instructions could not be attacked at that point in the proceedings (*Pence* v. *Industrial Acc. Com.,* 63 Cal.2d 48, 51 [45 Cal. Rptr. 12, 403 P.2d 140]; *Stingley* v. *Research Packaging of California,* 34 Cal.Comp.Cases 462, 464, App.Bd. en banc decision; see also 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 1106(2)(e); Cal. Workmen's Compensation Practice (Cont. Ed. Bar 1963) p. 556), petitioner was foreclosed from determining what the recommended rating would have been if all the factors had been included.[3] We are similarly foreclosed from proper judicial review.

Inasmuch as the rating specialist must consider no more and no less

---

[3]Although a minimal (mild) pain that causes no handicap in the performance of a particular activity is nonratable (Hanna, *supra,* § 11.02(2)(c), a constant *slight* pain in the back is rated 10 percent (Hanna, *supra,* § 11.02(3). The referee's instruction does not include pain as a factor, although the doctor included as a factor the fact that petitioner suffered "almost constant low back and *leg* pain." (Italics added.)

According to authority cited by the board in its answer, there are three standard ratings for impaired function of the spine: 30 percent for slight, 50 percent for moderate, and 100 percent for severe (Hanna, *supra,* § 11.02(3)), and the type of back brace worn is corroborative of the degree of disability, that is, whether it is "slight," "moderate," or in the higher ranges (Herlick, Cal. Workmen's Compensation Law, p. 164).

The instruction does not include as a factor the information that petitioner must wear a back support.

than the information provided to him by the factfinder (*Fidelity & Cas. Co.* v. *Workmen's Comp. App. Bd., supra,* p. 333), his recommended rating cannot be properly weighted unless all the factors of disability are included. In *Hegglin, supra,* at page 174, the court stated "that in cases involving multiple factors of disability caused by a single industrial accident the Board must, in any instructions it may direct to the rating bureau, *fully describe each separate factor of disability.* Any overlap of the factors of disability thus described is adequately taken into account, and the pyramiding of disabilities is properly avoided, by application of the multiple disabilities rating schedule." (Italics added.)

We hold that the summary instruction submitted by the referee to the rating bureau in the instant case did not fully describe each separate factor of disability and that the recommended rating submitted by the rating specialist and adopted by the board cannot be sustained.[4] The order denying reconsideration issued by the board on April 20, 1971, is hereby annulled and the case is remanded to the board, with directions to take such further proceedings as are consistent with this opinion.

Kane, J., and Rouse, J., concurred.

---

[4] In another back injury case, a description of petitioner's condition "only in terms of 'semi-sedentary work requiring the use of chairback type brace,'" ignoring other facts shown by the evidence, was found to be inadequate and incomplete (*Franklin* v. *Workmen's Comp. Appeals Bd.,* 18 Cal.App.3d 682, 685 [96 Cal.Rptr. 201]).