[Civ. No. 17344. Third Dist. June 2, 1978.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
JAMES STAPP, Respondents.

**COUNSEL**

James J. Vonk, Robert M. Jakob, Arthur Hershenson, Frank Evans and Robert A. La Porta for Petitioner.

Charles L. Swezey, Philip M. Miyamoto, Thomas J. McBirnie, Dexter Young and Eugene C. Treaster for Respondents.

**OPINION**

**PARAS, J.**—James Stapp injured his back while employed as a sheet metal worker for Patton Sheet Metal Works in Fresno; he applied for workers' compensation benefits. The workers' compensation judge made findings, on the basis of which he requested a recommended permanent disability rating from the Permanent Disability Rating Bureau; his request stated: "Applicant's back condition precludes heavy work, with constant slight to moderate pain." The bureau's rating specialist recommended a 30 percent standard rating, equal to 40 percent when adjusted for occupation and age.

At this point we note the legal relationship between the rating bureau and the workers' compensation judge. It has been accurately stated that the judge ". . . is the fact finder and the disability factors he has selected after reviewing all the evidence and hearing the testimony are, in effect, tentative findings of fact. See *Fidelity & Cas. Co.* v. *WCAB (Ratzel)* (1967) 252 CA2d 327, 60 Cal.Rptr. 442, 32 CCC 271. [¶] The rating specialist is an expert witness whose rating report constitutes his direct testimony. He is required to make his recommendation solely on the information provided by the [judge] . . . ." California Workmen's Compensation Practice (Cont.Ed. Bar 1973) section 15.38, page 563.

The judge made an award based upon the 30 percent rating. However the Workers' Compensation Appeals Board ordered reconsideration stating: "The rating specialist testified that the preclusion from heavy work took a 30% standard by itself and that constant slight to moderate pain would also rate a 30% standard. While we would agree the subjective complaints consisting of slight to moderate pain which precluded heavy work would be inclusive in the preclusion from heavy work as a result of those subjective complaints, we are not certain that such subjective complaints should be included in a work preclusion where they are present when the applicant is performing less than heavy work. We are of the opinion that reconsideration should be granted to issue new permanent disability rating instructions which provide that the applicant has constant slight to moderate pain even in the absence of the precluded work activities and that the applicant's disability precludes him from heavy work."

Pursuant to this order, the board submitted the following instruction to the rating bureau: "Consider that the applicant has constant slight to moderate pain in the back even in the absence of the precluded work activities set forth below. [¶] Consider in addition that the applicant is precluded from heavy work." In response to this instruction, a different rating specialist again recommended a 30 percent standard rating. The applicant requested cross-examination of the rating specialist, and at the hearing the latter changed his mind. He stated that he felt the board intended him to find a rating in excess of 30 percent by using the words "consider in addition" in the second portion of the rating instruction. He therefore concluded that Stapp's disability rated 40 percent standard, since it appeared to be something more than a limitation to no heavy work but something less than a limitation to light work. When adjusted for age and occupation, the rating amounted to 51 percent.

When asked if this was an accepted method of computation at the rating bureau, the specialist replied: "I requested from five raters this morning how they would rate this case. I am in a distinct minority." He added: "The Rating Bureau normally does not differentiate between the man who is prophylactically restricted to no heavy work and never has pain, and the man who has constant pain and is therefore restricted."

Nonetheless, the specialist defended his rating of 40 percent standard on the following basis:

"The method of determining the rating is to evaluate not only the words that are placed in front of you, but what is the intent of those words.

"Q. Okay. What caused you to rate a 30% standard in the first place, then?

"A. At the time I rated it the first time I ignored the intent, because it was my opinion that the pain factor and the work restriction were inclusive.

"Q. What in the Instructions or in the record caused you to change your mind on this?

"A. I reread the old rating and the old Instruction, and had it been the intent of the Board to get a rating that was exactly the same as the prior rating, they would have issued the exact same Instruction. This Instruction is specifically worded as to attempt to avoid what occurred in the first rating."

Asked about whether he was referring to the first or second rating instructions, the specialist testified that he did not consider that there were two instructions, rather that there were two *factors*. He would have come to a different conclusion had he viewed the factors in opposite chronological order. He viewed the preclusion first, and:

"A. Had the Instructions read 'Consider that the applicant has constant slight to moderate pain in the back and is precluded from heavy work,' I would have only given it a 30% standard.

"JUDGE: All right.

"MR. HARRIS: Q. Is that not in fact the way the Instructions read? A. No, it is not.

"Q. Can you clarify your answer, please?

"A. The Instructions read, 'Consider that the applicant has constant slight to moderate pain in the back even in the absence of the precluded work activities set forth below,' which is the same to me as saying,

'Consider that the applicant is precluded from heavy work, and even with such preclusion has constant slight to moderate pain.' "

The specialist further testified that there are very subtle changes in the wording of instructions submitted to the rating bureau, and ". . . it becomes necessary for the rater to actually examine his own judgmental areas and redefine those in light of his interpretation of the intent of the person giving the factors, and I will agree that it frequently happens. If I know a judge well, I will read something that he has written and give it a certain value because it is a value I knew he intended to give, even though his Instruction may not be that clear. Were that same Instruction come [*sic*] from another judge I very probably will not give it the same value. We are constantly examining the intent of the person giving the Instruction. Frequently it causes us to change our minds when we are on the witness stand." He testified finally that in his opinion the words "consider in addition" in the instructions signify that he must add to the 30 percent standard.

The board thereafter issued its opinion and decision after reconsideration stating: "We are of the opinion that the diminished capacity of an injured employee who is precluded from heavy work yet has slight to moderate pain even in the absence of heavy work activities is certainly more severe than an employee who has constant slight to moderate pain without a preclusion from work activities or who is only precluded from heavy work on a prophylactic basis or because of the degree of pain." The board issued its award based on an adjusted 51 percent rating, as recommended by the rating specialist.

The State Compensation Insurance Fund's petition for reconsideration (from the board's opinion and decision after reconsideration) was denied. The board stated: "We are of the opinion that it was perfectly proper for the rating specialist to consider the *clear meaning* of the instructions in arriving at his rating." (Italics added.) We granted the carrier's petition for review.

■ As above stated, the relationship of the judge (or the board) to the rating specialist is one of fact finder to expert witness. The "instructions" submitted to the rating specialist are simply findings of fact. His rating must be based upon such facts. (*See Fidelity & Cas. Co.* v. *Workmen's Comp. App. Bd.* (1967) 252 Cal.App.2d 327, 331-333 [60 Cal.Rptr. 442].) Accordingly, the *intent* of the fact finder is only relevant in determining

what the facts are; the fact finder's desire to have those facts given a higher or lower rating than usual is totally irrelevant. Since the rating expert's testimony indicates that his rating was not based solely on the facts, but instead was changed to conform to the board's *apparent intent to obtain a higher rating*, the decision must be vacated.[1]

This does not mean that in later proceedings, the rating specialist is precluded from recommending a rating higher than 30 percent standard or that the board must so limit itself. As an abstract principle, it appears true, as the board states, that a worker who is precluded from heavy work and who also suffers constant slight to moderate pain has a lesser ability to compete in the labor market than a worker who is precluded from heavy work but does not have constant pain. We hold only that the specialist must base his recommended rating on the *facts*, not on the deduced or presumed intent of the board.

The board's decision is vacated.

Puglia, P. J., and Regan, J., concurred.

---

[1]Applicant's counsel forthrightly conceded this at oral argument.