[Civ. No. 19450. Third Dist. Dec. 17, 1980.]

NIELSEN FREIGHT LINES et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
JOHN W. PARRIS, Respondents.

COUNSEL

Mullen & Filippi, William J. O'Neal, Jr., and Arthur J. Costamagna for Petitioners.

Eugene C. Treaster for Respondents.

OPINION

**CARR, J.**—We note initially that real party in interest, John W. Parris, has not appeared in this proceeding by his failure to file either a return to the writ of review or any points and authorities in opposition to the requested relief. We find this unusual as it is the award to Parris which is at issue. We have also requested and received from respondent Workers' Compensation Appeals Board (Board) points and authorities on the issue of apportionment, though Board, in accordance with its policy, had not contemplated participation in these proceedings. It is therefore suggested that any attorney's fees for real party's attorney for services in connection with this appellate review would be inappropriate.

Nielsen Freight Lines (Nielsen) and its workers' compensation insurance carrier, Truck Insurance Exchange (hereafter petitioner) petitioned for writ of review to annul an award to respondent Parris of a 42 percent permanent disability rating. The award was affirmed by the respondent Board upon petition for reconsideration filed by petitioner. Petitioner asserts: (1) that a procedural error in the service on petitioner of the second disability rating deprived them of due process;

(2) that there is no substantial evidence to support the rating for permanent disability, and (3) the Board erred in applying the *Wilkinson* rule of no apportionment.

At the time of his injuries, Parris worked for Nielsen as a truck driver/loader. He suffered a right inguinal hernia in February 1977 while loading heavy drums. Surgical repair was done in July 1977 at which time an asymptomatic recurrent left inguinal hernia was discovered but not repaired. In November 1977 he felt a burning pain in his groin while lifting a heavy crate. A left inguinal hernia was found and surgically repaired.

In May 1978 Parris was examined by Dr. Citret who found what appeared to be a minor diastasis of the upper rectus muscles which "may progress if the patient continues to engage in heavy straining and heavy lifting."

For the injuries in question Parris filed three separate compensation claims with the Board. On June 7, 1978, he filed the medical report of Dr. Citret. Petitioner filed the medical report of Dr. O'Neal on July 27, 1978, and the report of Dr. Richards on January 6, 1978. Parris' testimony was taken at a formal hearing on March 9, 1979. Thereafter the record reveals a confusing series of conflicting notices and orders, which doubtless prompted this appeal.

On April 26, 1979, an apportioned disability rating based on Dr. Citret's report[1] was served on all parties. Petitioner herein filed a motion to strike the recommended rating and to appoint an independent medical examiner (I.M.E.). Parris filed a "motion for benefits" seeking a rating on all three injuries without apportionment pursuant to *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal. Rptr. 696, 564 P.2d 848]. The workers' compensation judge (Judge) issued a "Notice of Intention to Strike Recommended Rating And Refer Application to I.M.E. for Evaluation" on May 10, 1979. On May 15, 1979, he requested the rating specialist to review Dr. Citret's report, advise if the *Wilkinson* rule applied, and if so, to provide the computation.

---

[1]Dr. Citret believed Parris should have a permanent disability rating based on "No heavy work permanently" because of the "minor diastasis" of the upper abdominal rectus muscles. He felt apportionment was proper with 1/3 attributable to each hernia episode in 1977 and 1/3 to the cumulative microtrauma of Parris' work which caused the diastasis.

The rating specialist responded with a recommended rating of 14 percent (1/3 of the 42 percent for all injuries) purportedly calculated "according to the *Wilkinson* rule." The Judge responded to this somewhat bewildering statement[2] by issuing an order on May 3, 1978 denying the motion to strike the recommended rating and to appoint an I.M.E. and further denying Parris' motion for benefits under the *Wilkinson* rule.

On July 19, 1979, the Judge wrote Dr. Hickey of the Workers' Compensation Appeals Board Medical Bureau seeking advice on how to resolve the conflicts between the reports of Dr. Citret and Dr. O'Neal.[3] Dr. Hickey responded and on August 9, the Judge again noticed his intention to strike the April 26 rating and enter a new rating based on Dr. Hickey's report. Parris objected to the intention to strike and requested cross-examination of Dr. Hickey. The hearing for this purpose was held September 7; on September 14 the Judge requested from the rating specialist a rating based on the three cases together on a "no heavy work" factor. The request and the rating specialist's reponse on September 21 were in memorandum form.[4] On November 8, 1979, findings and award were filed wherein Parris was awarded total permanent disability benefits of $13,492.50 payable at $70 per week for the three injuries, unapportioned, at a rating of 42 percent.

The "Opinion On Decision" by the Judge stated the decision was based on the report of Dr. Citret and that "apportionment was not indicated by Dr. Citret."

I

Petitioner first contends that he was deprived of an opportunity to cross-examine the rating specialist. He asserts this resulted because the service of the second rating on September 25 did not contain a notice that the case would be submitted for decision seven days later unless written objection was made before then. (Cal. Admin. Code, tit. 8, ch. 4.5, § 10904.) Such notice is mandatory (*Id.*, 1 Hanna, Cal. Law

---

[2]The rule of *Wilkinson* v. *Workers' Comp. Appeals Bd., supra,* 19 Cal.3d 491 is no apportionment for successive injuries to the same part of the body while working for the same employer when the injuries become permanent at the same time.

[3]Dr. O'Neal, who examined Parris at the request of petitioner found no history of work-related injury and no permanent disability.

[4]The record does not disclose these were ever served on the parties but petitioner admits service was made on September 25, 1979.

of Employee Injuries and Workmen's Compensation, § 11.06 [2] [c], p. 11-50.1) and failure to allow cross-examination of the rating specialist amounts to a deprivation of due process and compels annulment of the award. (*Hegglin* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 162, 175 [93 Cal.Rptr. 15, 480 P.2d 967]; *Pence* v. *Industrial Acc. Comm.* (1965) 63 Cal.2d 48, 51 [45 Cal.Rptr. 12, 403 P.2d 140].)

In its opinion denying reconsideration the Board addressed this issue and concluded petitioner had waived his right to cross-examine the rater. ██ A waiver does occur by failure to request cross-examination within the seven-day period between service of the rating and submission for decision. (See Cal. Admin. Code, tit. 8, ch. 4.5, § 10904; 1 Hanna, *supra*, § 11.06 [2] [e], p. 11.51; cf. *Hegglin* v. *Workmen's Comp. App. Bd., supra*, 4 Cal.3d 162.) ██ However, in the case before us, the informal office memoranda exchanged between Judge and rating specialist and served in September failed to include the mandatory "seven days to object" notice. The petitioner was never put on notice the time to request cross-examination had started to run. To hold otherwise would deprive petitioner of the due process rights enunciated in *Hegglin, supra*, and *Pence, supra*, 63 Cal.2d 48.

The Board, after issuance of the writ of review herein, requested remand "for further proceedings to correct any errors," having found on further examination there were "some procedural irregularities that may have confused the petitioner leading to its failure to timely request cross-examination of the rating specialist." Petitioner herein opposed remand and requested rulings by this court on the tendered issues. The Board's confession of error would preclude a finding of waiver, though a second letter from the Board stated it still believes a waiver occurred and the confession of error resulted from "an overabundance of caution." Even without the now equivocal confession of error, we hold no waiver occurred. The Board does not suggest how the failure to request cross-examination after the September 25 service of the interoffice memoranda could constitute a waiver in the absence of the seven-day notice. Unquestionably, there was a waiver of such cross-examination in the April 26 rating as proper notice was given and no request made. However, in the interim between that rating and the service on September 25, new evidence had been received, presumably the April 26 rating had been stricken,[5] and Parris' motion to apply the *Wilkinson* rule had been denied. Clearly, any further rating would be a new rating bringing

---

[5]No formal order is in the file, but the notice of intention to do so was served.

with it a new right of notice of submission within seven days unless good cause be shown to the contrary in writing.

## II

■ Petitioner further asserts there is not substantial evidence, when viewed in light of the whole record, to support the permanent disability rating of 42 percent. (*LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432].)

The rating formula employed (19.2 - 30-46-G-33 = 42) is the standard rating for an injury consisting of abdominal muscles resulting in constant danger of hernia or overstrain and resulting in incapacity for arduous employment (the 19.2 factor) with a preclusion from heavy work (a factor of 30 percent) adjusted for occupation and age. The evidential issues before us are whether the rating factors and the nonapportionment are supported by the requisite quantum of evidence.

■ Upon review of the Board's decisions the substantial evidence test is not met by "simply isolating evidence which supports the board and ignoring other relevant facts of record which rebut or explain that evidence." (*Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451]; *Western Electric Company* v. *Worker's Comp. App. Bd.* (1979) 99 Cal.App.3d 629, 642 [160 Cal. Rptr. 436].) However, "if the Board's findings '"are supported by inferences which may fairly be drawn from evidence even though the evidence is susceptible of opposing inferences, the reviewing court will not disturb the award."'" (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 664 [150 Cal.Rptr. 250, 586 P.2d 564].)

■ We conclude that the range of evidence within the entire record does not support the award and requires annulment and remand for further proceedings.

We observe first that the rating appears facially defective in that it was based on the May 19, 1978, report of Dr. Citret not the July 24, 1979, report of Dr. Hickey. Having served a notice of intention to strike the April 26 rating and enter a new rating based on Dr. Hickey's report, we assume such an order was made though none appears in the record. Dr. Citret's report thus assumed a limbo status. Dr. Hickey's report states his opinion that Parris sustained three specific injuries—the

1969 left hernia, the February 1977 right hernia, and the November 1977 left hernia—each of which became permanent and stationery approximately eight weeks subsequent to surgical repair. He found Parris' disability "would prophylactically preclude *very* heavy lifting and *very* heavy work." (Italics added.) This is not the same rating factor as the "no heavy work" submitted to the rating specialist by the Judge and if employed as the rating factor would produce a lower rating. Nonapportionment is also precluded by Dr. Hickey's report.[6]

We conclude there is insufficient evidence in Dr. Hickey's report to support the rating and award. The report of Dr. Citret, having ostensibly been abandoned as a rating source, was improvidently employed as the rating source. Moreover, Dr. Citret, contrary to the statement in the "Opinion on Decision" opined that "apportionment is a reasonable consideration in this case, with one-third attributable to the hernia of February 1977, one-third to the hernia of November 1977, and one-third to the cumulative microtrauma of his work causing the upper abdominal rectus muscle diastasis." There is thus no evidentiary basis, other than speculation on the part of the Board, for application of the *Wilkinson* rule.

██ Petitioner's final contention is that a 42 percent disability rating in a bilateral hernia case is unfair and unreasonable, relying on *Universal City Studios, Inc.* v. *Worker's Compensation Appeals Board* (1979) 99 Cal.App.3d 647 [160 Cal.Rptr. 597]. By judicial notice we find the Board's latest recommendation for settlement of an uncomplicated bilateral hernia is $3,121. However, neither Dr. Citret's report or Dr. Hickey's report support an inference that this is an uncomplicated condition. Though Dr. Citret reports the diastasis as minor in nature with no present hernia and speculates that the condition *may* progress with engagement by Parris in work requiring heavy straining and heavy lifting, Dr. Hickey states forthrightly "[h]is present disability would reasonably prophylactically preclude very heavy lifting and very heavy work." Dr. Hickey does not report the presence of the minor diastasis found by Dr. Citret or whether this was a factor in his conclusion concerning the work preclusion, but a prophylactic restriction from industrial injury is a ratable industrial injury. (*Luchini* v. *Workmen's Comp. App. Bd.* (1970) 7 Cal.App.3d 141 [86 Cal.Rptr. 453]; *Fowler*

---

[6]There is the additional circumstance the Parris' motion for benefits from the *Wilkinson* rule, *supra*, was denied by formal order and the record fails to disclose such order was ever vacated or reconsidered.

v. *Workmen's Comp. Appeals Bd.* (1972) 22 Cal.App.3d 756 [99 Cal. Rptr. 609].) The distinction between the case at bench and *Universal City Studios, Inc., supra,* 99 Cal.App.3d 647, is that Parris has objective manifestations of his condition; the employee in *Universal* had only subjective complaints and exceeding the semisedentary work restriction would not result in aggravation or worsening her disability.

The decision of the Board is annulled and the cause remanded for further proceedings consistent with the views herein expressed.

Regan, Acting P. J., and Evans, J., concurred.